**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Armando RIOS, Defendant–Appellant.**

**No. 05–50223.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2006.*

Filed Sept. 21, 2006.

Becky S. Walker, Esq., David P. Kowal, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Davina T. Chen, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: WALLACE, McKEOWN, and WARDLAW, Circuit Judges.

MEMORANDUM **

Rios appeals from the district court's entry of judgment following his conviction for possession with intent to distribute more than one kilogram of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841(a)(2) and 18 U.S.C. § 2(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

■ Rios contends that the district court's admission of the testimony of Social Security Agent Paul Yokoyama was subject to the bar of equitable estoppel and was incompetent and inadmissible hearsay. Generally, "[w]e review a dis-

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

trict court's decision to admit or exclude expert testimony for an abuse of discretion." *United States v. Campos*, 217 F.3d 707, 710 (9th Cir.2000). At trial, defense counsel objected to the admission of the Yokoyama testimony on the ground that she did not "believe that [Yokoyama was] really the proper person to be testifying to a record when we—it's clear that we have other documents that show that there are two people using [the social security number Yanez–Nunez provided the Drug Enforcement Agency (DEA) ]." As this objection did not clearly raise the issue of either Yokoyama's personal knowledge under Federal Rule of Evidence 602 or the bar of hearsay or equitable estoppel, review of the district court's admission of Yokoyama's testimony is for plain error. *See* Fed.R.Evid. 103(a)(1) (providing that "[e]rror may not be predicated upon a ruling which admits ... evidence unless ... a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context"); *United States v. Gomez–Norena*, 908 F.2d 497, 500 (9th Cir.1990) ("[A] party fails to preserve an evidentiary issue for appeal not only by failing to make a specific objection, ... but also by making the wrong specific objection ...") (internal citations omitted).

We need not reach the question whether the district court erred by admitting Yokoyama's testimony because here Rios must establish that any error was "plain" and that it "affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 626, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (quotations omitted). When those conditions are met, we will only exercise our discretion to rule on the error where it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations omitted). As such, "it must be highly probable that the error affected the verdict." *United States v. Arreola*, 446 F.3d

926, 934 (9th Cir.2006) (quotations omitted).

Even if the jury could have reasonably inferred that Yanez–Nunez provided the DEA with a false social security number, such evidence of untruthfulness was cumulative of similar or more damaging impeachment evidence against him. *Cf. United States v. Musacchio*, 968 F.2d 782, 791 (9th Cir.1992) (as amended) (holding that any error arising from admission of alleged hearsay was not plain error where evidence was cumulative of other evidence submitted without objection). The jury learned that in the past Yanez–Nunez had knowingly used a fake social security number, which he included in tax returns and in an immigration application signed under penalty of perjury; that he failed to inform the DEA that he had not paid taxes in fourteen years, including taxes on his income from the DEA; and that he had failed to report to the DEA a 1993 conviction for drunk driving. There was no shortage of evidence, then, that Yanez–Nunez had a history of dishonesty and concealment. It is therefore highly *improbable* that the district court's admission of Yokoyama's testimony so substantially rehabilitated Yanez–Nunez's credibility as to affect the verdict. The district court therefore did not commit plain error in admitting Yokoyama's testimony.

## II

■ Since Rios preserved his objection to the admission of Marzulo's testimony through a pre-trial in limine motion, we review the district court's admission of that testimony for abuse of discretion. *See Campos*, 217 F.3d at 710. Rios argues that the district court admitted Marzulo's testimony in violation of Federal Rule of Evidence 704(b), which provides:

No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or a defense thereto. Such ultimate issues are matters for the trier of fact alone.

We have explained that Congress added this provision to Rule 704 "out of a desire to 'eliminate the confusing spectacle of competing expert witnesses testifying to directly contradictory conclusions as to the ultimate legal issue to be found by the trier of fact.'" *Campos,* 217 F.3d at 711, *quoting* S.Rep. No. 98–225 at 230–31 (1984) (reprinted in 1984 U.S.C.C.A.N. 3182, 3412–13).

At trial, Rios asserted the defense of entrapment, which has two elements: "(1) government inducement of the crime, and (2) the absence of predisposition on the part of the defendant." *United States v. Davis,* 36 F.3d 1424, 1430 (9th Cir.1994). The government offered Marzulo's expert testimony in support of its theory that Rios was predisposed to commit the crime with which he was charged. Marzulo testified that the high sale price of the cocaine at issue indicated that multiple persons were receiving a "cut"; that drug traffickers try to avoid conversations over the telephone; that a narcotics seller will not typically loan or "front" cocaine to a buyer unless the seller knows the buyer well; that drug traffickers often speak in code; that they do not travel far to engage in a transaction due to the risk of being caught; and that the quantity of narcotics involved in the case (1 kilogram) was consistent with distribution rather than personal use. Indeed, Marzulo's testimony supported the inference that defendants were experienced drug dealers and thus were predisposed to engage in the crimes with which they were charged. At no point during his testimony, however, did Marzulo offer any opinion with respect to the mental state of either of the defendants; Marzulo also offered no opinion as to whether the defendants had been entrapped. Since Marzulo did "not draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion d[id] not necessarily follow from the testimony," *see United States v. Morales,* 108 F.3d 1031, 1038 (9th Cir.1997), the district court did not abuse its discretion by admitting the testimony.

### III

"Although ... errors, looked at separately, may not rise to the level of reversible error, their cumulative effect may nevertheless be so prejudicial to the appellants that reversal is warranted." *United States v. Wallace,* 848 F.2d 1464, 1475 (9th Cir.1988). The only asserted error was not reached by us because Rios has not shown that any error in admitting Yokoyama's testimony constituted plain error. As Rios has not shown any other error, there was no "cumulative error" for us to consider.

### IV

Where, as here, "the defendant fail[ed] to object to a supervised release condition, our review is for plain error." *See United States v. Stephens,* 424 F.3d 876, 879 n. 1 (9th Cir.2005).

■ The district court ordered Rios to "participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer," as a condition of his supervised release. Rios challenges this condition on the ground that it constituted an impermissible delegation of the district court's statutory authority under 18 U.S.C. § 3583(d). Rios relies on *Stephens,* where

we held that section 3583(d) as well as the Federal Sentencing Guidelines "require[ ] that the court, not the probation officer, set the maximum number of non-treatment-program drug tests to which a defendant may be subjected." 424 F.3d at 882.

Our recent decision in *United States v. Maciel–Vasquez*, 458 F.3d 994 (9th Cir. 2006), however, forecloses Rios's argument. In *Maciel–Vasquez*, we considered, in light of *Stephens*, a district court's decision to require, as a condition of supervised release, that the defendant "participate in outpatient substance abuse treatment and submit to drug and alcohol testing as instructed by the probation officer." *Id.* at 996 (quotations omitted). We recognized that the specified condition could plausibly be interpreted "to give the probation officer authority to require testing apart from any treatment program," which interpretation would render that condition error under *Stephens*. *Id.* Nevertheless, we concluded that we need not so construe the condition for purposes of plain error review, "because any error or prejudice caused by the district court's decision to impose this condition did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 996.

Here, we are bound to follow *Maciel–Vasquez* and hold that even if the disputed condition of Rios's release were error under *Stephens*, that error was not plain.

**AFFIRMED.**