UNITED STATES of America,
Plaintiff–Appellee,

v.

Erasmo ESCARCEGA–GARCIA,
Defendant–Appellant.

No. 05–50214.

United States Court of Appeals,
Ninth Circuit.

of this circuit except as provided by 9th Cir.
R. 36–3.

Submitted Sept. 12, 2006.*

Filed Sept. 21, 2006.

Becky S. Walker, Esq., David P. Kowal, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Richard Novak, Esq., Pasadena, CA, for Defendant–Appellant.

Before: WALLACE, McKEOWN, and WARDLAW, Circuit Judges.

## MEMORANDUM ** AND ORDER

Escarcega–Garcia appeals from his conviction and sentence for possession with intent to distribute more than one kilogram of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841(a)(2) and 18 U.S.C. § 2(a).

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Escarcega–Garcia has filed a brief that identifies those portions of the proceedings that might arguably support the appeal as well as a motion to withdraw as counsel of record, stating that there are no grounds for relief. Escarcega–Garcia has filed a pro se supplemental brief, and the government has responded.

We GRANT counsel's motion to withdraw. We have made an independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83–84, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Issues which were raised by co-defendant Rios would not, if raised by Escarcega–Garcia, result in reversal for the reasons stated in our separate, accompanying unpublished disposi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion in *United States v. Rios,* 202 Fed. Appx. 230 (9th Cir.2006).

■ Escarcega–Garcia contends that the district court abused its discretion by not severing defendants' trial because Rios's "invol[ve]ment ... with the drugs" made it clear to Escarcega–Garcia that there "was no way he could win in his trial." "A defendant seeking reversal on this ground has the 'burden of proving clear, manifest, or undue prejudice from a joint trial.'" *United States v. Alvarez,* 358 F.3d 1194, 1206 (9th Cir.2004), *quoting United States v. Joetzki,* 952 F.2d 1090, 1094 (9th Cir.1991). "Defendants must meet a heavy burden to show such an abuse, and the trial judge's decision will seldom be disturbed." *United States v. Ponce,* 51 F.3d 820, 831 (9th Cir.1995) (quotations omitted). Escarcega–Garcia's mere assertion that the joint trial doomed his case does not, standing alone, meet this burden. Our independent examination of the record also does not reveal any reason to disturb the trial judge's decision to try the defendants jointly.

■ Finally, Escarcega–Garcia argues that his conviction should be reversed on the ground that Yanez–Nunez gave false testimony at trial. "Absent facial incredibility, it is not our role to question the jury's assessment of witness credibility." *United States v. Tam,* 240 F.3d 797, 806 (9th Cir.2001). Yanez–Nunez's testimony is not "so inconsistent or improbable on its face that no reasonable fact finder could accept it, nor does that testimony violate the laws of nature." *See United States v. Croft,* 124 F.3d 1109, 1125 (9th Cir.1997) (quotations omitted). We are therefore "powerless" to reverse Escarcega–Garcia's

conviction based on that testimony. *See id.*

**AFFIRMED.**