# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  v.

MARIO MACIEL-VASQUEZ,
  *Defendant-Appellant.*

No. 05-50524

D.C. No.
CR-04-00694-GHK

OPINION

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted June 7, 2006*
Pasadena, California

Filed August 16, 2006

Before: Sidney R. Thomas and Ronald M. Gould,
Circuit Judges, and William W Schwarzer,** District Judge.

Opinion by Judge Gould;
Partial Concurrence and Partial Dissent by Judge Thomas

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

**COUNSEL**

Elizabeth A. Newman, Deputy Federal Public Defender, Los Angeles, California, for defendant-appellant Mario Maciel-Vasquez.

Sean K. Lokey, Assistant United States Attorney, Riverside, California, for plaintiff-appellee United States of America.

**OPINION**

GOULD, Circuit Judge:

Mario Maciel-Vasquez ("Maciel") appeals his sentence, which was imposed after his plea of guilty to one count of violation of 8 U.S.C. § 1326. Maciel contends that his sentence is unreasonable under *United States v. Booker*, 542 U.S. 220 (2005), that 8 U.S.C. § 1326 is unconstitutional, and that the district court committed plain error when it imposed several conditions of supervised release.[1]

First, we consider the alleged *Booker* error.[2] Maciel argues

---

[1]Because the parties are familiar with the factual and procedural history, we recount it here only to the extent necessary to understand our decision.

[2]"*Booker* requires that appellate courts review the reasonableness of all sentences, which is informed by the Guidelines calculation as well as by the other factors set forth in § 3553(a)." *United States v. Plouffe*, 445 F.3d 1126, 1128 (9th Cir. 2006). We review questions of law de novo. *Torres-Lopez v. May*, 111 F.3d 633, 638 (9th Cir. 1997).

that his sentence of 36 months is unreasonable under *Booker*. Maciel concedes that the district court considered the statutory factors outlined in 18 U.S.C. § 3553(a), and he does not allege that the district court erred in calculating the advisory Guidelines range. Maciel argues, nonetheless, that because the district court did not state why it imposed a sentence of 36 months rather than some other sentence, the district court treated the Guidelines sentence as a presumptive sentence, which he urges is impermissible under *United States v. Zavala*, 443 F.3d 1165 (9th Cir. 2006).

**[1]** We reject Maciel's contention that the sentence was unreasonable. The district court did not give greater weight to the Guidelines calculation than it did to the other § 3553(a) factors, and so Maciel's argument resting upon *Zavala* fails. Further, as for the argument that the district court did not explain why it selected a 36 month sentence rather than some other term, Maciel has not presented any precedent supporting this argument, and neither *Booker* nor our circuit precedent impose any requirement that the district court state why it chose a particular sentence rather than other potential sentences.

**[2]** Second, Maciel argues that 8 U.S.C. § 1326(b)(2) is unconstitutional. That argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Maciel argues that recent Supreme Court cases have undermined *Almendarez-Torres*. As we explained in *United States v. Weiland*, 420 F.3d 1062 (2005), "[a]lthough recent Supreme Court jurisprudence has perhaps called into question the continuing viability of *Almendarez-Torres*, we are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court." *Id*. at 1079 n.16 (internal citation omitted). Accordingly, we reject Maciel's argument that 8 U.S.C. § 1326(b)(2) is unconstitutional.

**[3]** Third, we evaluate the challenged conditions of supervised release. Maciel advocates that it was plain error for the

district court to impose a condition of supervised release requiring him to "participate in outpatient substance abuse treatment and submit to drug and alcohol testing as instructed by the probation officer," in light of *United States v. Stephens*, 424 F.3d 876 (9th Cir. 2005), *reh'g en banc denied* 439 F.3d 1083 (9th Cir. 2006).[3] The challenged provision is somewhat ambiguous: If it is interpreted to give the probation officer authority to designate drug and alcohol testing only as incidental to the treatment program, then there is no error under *Stephens*. *Id*. at 878-79. On the other hand, if the challenged provision is interpreted to give the probation officer authority to require testing apart from any treatment program, then it is an error under *Stephens*. *Id*. at 882. We need not, however, construe this condition for purposes of this appeal and plain error review, because any error or prejudice caused by the district court's decision to impose this condition did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 734-36 (1993); *see also United States v. Ortiz-Torres*, 449 F.3d 61, 75-76 (1st Cir. 2006) ("[W]e conclude that the improper delegation that occurred here does not rise to the level of plain error, since it neither affects substantial rights nor 'impugn[s] the fairness, integrity or public reputation of the criminal proceedings as a whole.' " (quoting *United States v. Padilla*, 415 F.3d 211, 221 (1st Cir. 2005) (en banc) (second alteration in original)). Accordingly, we would not vacate this condition, even if imposing this condition was an error under *Stephens*.

---

[3]Where, as here, the defendant did not object to the conditions at sentencing, we review for plain error. *Stephens*, 424 F.3d at 879 n.1. "Before an appellate court can correct an error not raised at trial, 'there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.' " *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir. 2001) (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).

**[4]** Maciel also challenges a condition of supervised release requiring him to "abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision." Maciel argues that this was plain error because he "has never been convicted of an alcohol-related crime" and that "there is nothing to suggest that alcohol has ever caused problems in his life." However, and to the contrary, in 1992 Maciel pleaded guilty to driving under the influence of alcohol, in violation of California Vehicle Code § 23152(a). The United States argues that this prior conviction, along with a misdemeanor arrest for possession of an open bottle of alcohol and with Maciel's history of drug abuse, justifies the special condition requiring Maciel to abstain from alcohol. We agree. The district court did not err, let alone plainly err, in imposing this condition of supervised release. *See United States v. Carter*, 159 F.3d 397, 401 (9th Cir 1998).

Maciel further argues that the condition of supervised release requiring him to report to the probation office within 72 hours of arriving in the United States violates his Fifth Amendment right not to incriminate himself. That argument is foreclosed by *United States v. Rodriguez-Rodriguez*, 441 F.3d 767 (2006).

**[5]** Finally, the judgment of conviction here refers to both subsections 1326(a) and 1326(b)(2) of Title 8 U.S.C. When the judgment refers to both subsections 1326(a) and 1326(b)(2), "the proper procedure under these circumstances is to direct the district court to enter a corrected judgment striking the reference to § 1326(b)(2) so that the judgment will unambiguously reflect that the defendant was convicted of only one punishable offense pursuant to § 1326(a)." *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000); *see also Almendarez-Torres*, 523 U.S. at 226 (holding that § 1326(b) is a penalty provision and does not constitute a separate crime). We remand to the district court for the limited purpose of striking the reference to § 1326(b)(2) in the

judgment. *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000).

**AFFIRMED, REMANDED TO CORRECT THE JUDGMENT.**

---

THOMAS, Circuit Judge, concurring in part and dissenting in part:

I respectfully disagree with the majority that the district court's decision to impose a condition of supervised release authorizing the probation officer to require unlimited drug and alcohol testing outside of treatment did not constititute plain error that seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 634-46 (1993).

It is "indisputable" that "the authority to define and fix the punishment for crime is legislative." *Ex parte United States*, 242 U.S. 27, 42 (1916). There are no federal common law crimes. *Liparota v. United States*, 471 U.S. 419, 424 (1985). Legislative action defines crimes and criminal procedure; therefore, a court has no power to impose a sentence in excess of statutory authority. *United States v. Doe*, 53 F.3d 1081, 1083-84 (9th Cir. 1995). It is Congress that "has the power to define criminal punishments without giving the courts any sentencing discretion." *Chapman v. United States*, 500 U.S. 453, 467 (1991). "Harmless error cannot give the district court authority it does not possess." *United States v. Olson*, 716 F.2d 850, 853 (11th Cir. 1983).

In *United States v. Stephens*, 424 F.3d 876 (9th Cir. 2005), we held that the district court lacked the statutory authority to delegate the number of drug and alcohol tests administered to a person subject to supervised release 18 U.S.C. § 3583(d), stating that "the court, not the probation officer, [must] set the

maximum number of non-treatment-program drug tests to which a defendant may be subjected." *Id.* at 882.

As noted by the Third and Eleventh Circuits, the delegation of a sentencing decision from an Article III judge to another entity is plain error because "imposing a sentence not authorized by law seriously affects the fairness, integrity, and reputation of the proceedings." *United States v. Pruden*, 398 F.3d 241, 251 (3d Cir. 2005) (quoting *United States v. Evans*, 155 F.3d 245, 252 (3d Cir. 1998)); *see also United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006). The Fifth, Seventh and Tenth Circuits have similarly held that such delegation constitutes plain error. *United States v. Overholt*, 307 F.3d 1231, 1255-56 (10th Cir. 2002) (delegation of restitution payment schedule); *United States v. Pandiello*, 184 F.3d 682, 688 (7th Cir. 1999) (same); *United States v. Albro*, 32 F.3d 173, 174 (5th Cir. 1994) (same); *but see United States v. Padilla*, 415 F.3d 211 (1st Cir. 2005) (en banc) (holding that the improper delegation of determining the number of non-treatment drug tests to impose as a condition of supervised release to the probation officer cannot be plain error).

In an individual context, I can understand why one might reach the conclusion that a particular sentence does not appear to affect the fairness, integrity, and reputation of the proceedings. However, in my opinion, there is a broader principle at stake when an extra-statutory punishment is imposed. In my view, imposing a sentence in violation of statutory authority, particularly one involving improper delegation of judicial authority, is the type of error that necessarily and inherently must affect the fairness, integrity, and reputation of the proceedings, regardless of the individual context. Therefore, I must respectfully dissent.