**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Wonel IRBY, a/k/a Nonel James Irby, James Wonel & Wondel Irby, Defendant—Appellant.**

**No. 05–50389.**

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 2006.*

Filed Aug. 24, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Scott M. Garringer, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: KOZINSKI and GOULD, Circuit Judges, and MARTINEZ,** District Judge.

### MEMORANDUM ***

Wonel Irby appeals his sentence after a guilty plea for selling 53.7 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii).[1]

---

** The Honorable Ricardo S. Martinez, District Judge for the Western District of Washington, sitting by designation.

1. Because the parties are familiar with the factual and procedural history, we recount it here only to the extent necessary to understand our conclusion.

■ First, Irby argues that the Government committed entrapment or sentence factor manipulation by inducing Irby to deal in larger quantities of drugs than he was otherwise predisposed to deal in.[2] The burden of proof is on the defendant to demonstrate that he was not predisposed to commit a greater offense. *United States v. Naranjo,* 52 F.3d 245, 250 (9th Cir.1995). Irby has not met his burden. None of the five factors that we consider when assessing predisposition suggest that Irby was not predisposed to deal in large amounts of cocaine base.[3]

■ Second, Irby argues that U.S.S.G. § 3E1.1(b) is unconstitutional under the Fifth and Sixth Amendments. Irby did not argue to the district court that § 3E1.1(b) is unconstitutional, and arguments not made to the district court are generally waived. *See United States v. Smith,* 424 F.3d 992, 1015 (9th Cir.2005). We decline to exercise our discretion to consider Irby's argument because, even if we were to agree with Irby, it could not possibly affect his sentence because he was sentenced to the statutory mandatory minimum of 10 years under 21 U.S.C. § 841(b)(1)(A)(iii).

■ Third, Irby argues that his sentence is unreasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We decline to consider that argument because, even if there were *Booker* error, Irby could not possibly receive a lower sentence because he was sentenced to the mandatory minimum. *See United States v. Dare,* 425 F.3d 634, 643 (9th Cir.2005).

■ Fourth, Irby argues that it was plain error for the district court to impose a condition of supervised release requiring him to "participate in outpatient substance abuse treatment and submit to drug and alcohol testing as instructed by the probation officer," in light of *United States v. Stephens,* 424 F.3d 876, 882–83 (9th Cir. 2005), *reh'g en banc denied,* 439 F.3d 1083 (9th Cir.2006). That argument is foreclosed by our recent opinion in *United States v. Maciel–Vasquez,* 458 F.3d 994 (9th Cir. 2006), where we held that it was not plain error to impose a similar condition of supervised release. *Id.* at 995–96.

**AFFIRMED.**

---

**2.** Factual findings underlying the district court's sentencing decision are reviewed for clear error. *United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir.2005).

**3.** These factors include: (1) the character or reputation of the defendant; (2) whether the defendant made the initial suggestion of criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed reluctance; and (5) the nature of the Government's inducement. *United States v. So,* 755 F.2d 1350, 1354 (9th Cir.1985).