**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Costantino ANZO–ENRIQUEZ,**
**Defendant–Appellant.**

No. 05–50630.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.[*]

Decided Oct. 20, 2006.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Office of the U.S. Attorney, Los Angeles, CA, Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: T.G. NELSON, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Constantino Anzo–Enriquez appeals from the 77–month sentence imposed following a guilty plea to being an illegal alien found in the United States after having been deported, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

As a threshold matter, the government contends that this court lacks jurisdiction to review this appeal because Anzo–Enriquez's sentence was lawful and within the range suggested by the United States Sentencing Guidelines (the "Guidelines"). This argument is foreclosed by *United States v. Plouffe*, 445 F.3d 1126, 1128 (9th Cir.2006).

Anzo–Enriquez contends that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court did not state why it imposed a sentence of 77 months rather than some other sentence, and because the district court treated the Guidelines sentence as a presumptive sentence. The record shows

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

that the district court correctly used the Guidelines range as a "starting point," *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir.2006), properly considered and applied the various sentencing considerations articulated in 18 U.S.C. § 3553(a), and did not give greater weight to the Guidelines calculation than it did to the other § 3553(a) factors. *See United States v. Maciel–Vasquez*, 458 F.3d 994, 995 (9th Cir.2006). The district court is not required to state why it chose a particular sentence rather than other potential sentences. *See id.* Accordingly, the resulting sentence is not unreasonable. *See Plouffe*, 445 F.3d at 1131.

■ Anzo–Enriquez next contends that the district court erred in sentencing him pursuant to 8 U.S.C. § 1326(b)(2) to more than the two-year statutory maximum set forth in § 1326(a), and that in light of subsequent Supreme Court decisions, *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is not binding precedent. These contentions are foreclosed. *See United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006); *United States v. Weiland*, 420 F.3d 1062, 1079 n. 16 (9th Cir. 2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006).

■■ Anzo–Enriquez's contention that the reporting condition of his supervised release violates his Fifth Amendment rights is also foreclosed, *see United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 772–73 (9th Cir.2006), as is his contention that the district court plainly erred in requiring him to submit to drug and alcohol testing "as instructed by the probation of-

ficer." *See Maciel–Vasquez*, 458 F.3d at 996.

**AFFIRMED.**