UNITED STATES of America,
Plaintiff–Appellee,

v.

Fidel        BALLARDO–VILLAPUDUA,
a/k/a Fidel Ballarbo, Fidel Ballard,
Fidal Ballardo, Fidel Cyco, "Psycho"
and "Cyco", Defendant–Appellant.

No. 05–50445.

United States Court of Appeals,
Ninth Circuit.

Oct. 16, 2006.*

Filed Oct. 23, 2006.

Becky S. Walker, Esq., Jeffrey Backhus, Esq., Office of the U.S. Attorney, Criminal

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**780**

Division, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Fidel Ballardo–Viallapudua appeals from the 46–month sentence imposed following his guilty-plea conviction for violating 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ballardo–Villapudua first contends that his enhancement under 8 U.S.C. § 1326(b)(2) is unconstitutional. That contention is foreclosed by the Supreme Court's holding in *Almendarez–Torres v. United States,* 523 U.S. 224, 250, 118 S.Ct. 1219, 140 L.Ed.2d 350 (9th Cir.1998). Ballardo–Villapudua asserts that recent Supreme Court cases have undermined *AlmendarezTorres.* As we explained in *United States v. Weiland,* 420 F.3d 1062 (2005), "[a]lthough recent Supreme Court jurisprudence has perhaps called into question the continuing viability of *Almendarez–Torres,* we are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court." *Id.* at 1079 n. 16 (internal citation omitted). Accordingly, we reject Ballardo–Villapudua's contention that 8 U.S.C. § 1326(b)(2) is unconstitutional.

He next contends that the district court plainly erred in imposing a condition of supervised release requiring him to "submit to 1 drug test within 15 days of release

from imprisonment and at least 2 periodic drug tests thereafter, as directed by the Probation Officer." However, this contention is contradicted by this court's holding in *United States v. Maciel–Vasquez,* 458 F.3d 994 (9th Cir.2006). In *Maciel–Vasquez,* this court held, with regard to a supervised release condition which was broader than the one imposed on Ballardo–Villapudua, that even if the district court erred by imposing the condition, such an error did not "seriously affect the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 996. We therefore reject Ballardo–Villapudua's contention.

Ballardo–Villapudua finally contends that the district court plainly erred and violated his Fifth Amendment right against self-incrimination by imposing a condition of supervised release that required him to report to his probation officer within 72 hours if he reenters the country. This contention is foreclosed by *United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772 (9th Cir.2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.