**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Desmond HAYLOCK, Defendant–**
**Appellant.**

No. 05–50655.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Alka Sagar, Esq., Becky S. Walker, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM **

Desmond Haylock appeals from the sentence imposed upon him following his guilty plea conviction for illegally reentering the United States following a deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm and remand.

◼ Haylock contends that this Court must reverse his sentence because the district court erred by failing to explain why it chose a sentence of 77 months rather than some other sentence, such as 72 months. However, a district court is not required to explain why it did not choose other potential sentences. *United States v. Maciel–Vasquez,* 458 F.3d 994, 995 (9th Cir.2006).

Haylock further contends that the district court treated the advisory Sentencing Guidelines range as presumptively binding. However, this contention is belied by the record.

◼ In addition, Haylock contends that 8 U.S.C. § 1326(b)(2) is unconstitutional because it raises the statutory maximum sentence from 2 years to 20 years when a judge, rather than a jury, finds that the defendant's removal was subsequent to the commission of an aggravated felony. This argument is foreclosed by *United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006).

◼ Haylock challenges two of his conditions of supervised release. First, he contends that the district court imposed a condition of supervised release that impermissibly permits the probation officer to

---

decide how many drug tests he must take during his supervised release. We conclude that, even assuming there was error, the imposition of the drug test condition was not plain error. *See United States v. Maciel–Vasquez*, 458 F.3d at 996. Second, Haylock contends that the reporting condition of his supervised release violates his Fifth Amendment rights. This contention is foreclosed by *United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 772–73 (9th Cir.2006).

We remand the case to the district court with instructions that it replace the reference in the judgment to 8 U.S.C. § 1326(a)(b)(2) with a reference to 8 U.S.C. § 1326(a).

**AFFIRMED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.