**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Floyd David HOLCOMB, Defendant—
Appellant.**

No. 06–30089.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2007.*

Filed Feb. 23, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen F. Peifer, Esq., USPO—Office of the U.S. Attorney Mark O. Hatfield, U.S. Courthouse, Portland, OR, for Plaintiff–Appellee.

Gerald Needham Fax, FPDOR—Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: D.W. NELSON, KLEINFELD, and BYBEE, Circuit Judges.

### MEMORANDUM **

Floyd David Holcomb ("Holcomb") pled guilty to one count of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). Due to Holcomb's previous convictions, the district court applied the Career Offender enhancement pursuant to U.S.S.G. § 4B1.1(b) and sentenced Holcomb to 151 months in custody. Holcomb appeals his sentence on three grounds: (1) the district court violated his Fifth and Sixth Amendment rights by relying on facts regarding his prior convictions that had not been proven to a jury; (2) the Career Offender enhancement should not apply because Holcomb does not have two requisite felony convictions; and (3) the sentence violates *United States v. Booker* because it is unreasonable. We affirm.

■ First, Holcomb's argument that the district court erred by not proving his prior convictions to a jury beyond a reasonable doubt lacks merit. In *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court expressly stated that a prior conviction can be used in sentencing

without being proved to a jury, *id.* at 239–47, 118 S.Ct. 1219; it is well-settled that even after *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the holding in *Almendarez–Torres* remains good law. *United States v. Maciel–Vasquez*, 458 F.3d 994 (9th Cir.2006); *United States v. Espinoza–Cano*, 456 F.3d 1126 (9th Cir.2006).

■ Second, the district court correctly applied the Career Offender enhancement. Pursuant to U.S.S.G. § 4B1.1(a), a defendant can be sentenced as a Career Offender if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a); *United States v. Piccolo*, 441 F.3d 1084, 1085 (9th Cir.2006). Holcomb argues that the third requirement was not satisfied. However, it is clear that Holcomb has at least two, if not three, predicate convictions: his 1972 conviction in California for robbery and assault with a deadly weapon, his 1991 conviction in Washington County, Oregon for second degree robbery, and his 1991 conviction in Multnomah County, Oregon for second degree robbery.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

With regard to his 1972 conviction, even though prior sentences normally must have been imposed within fifteen years of the instant offense to be predicate offenses for the enhancement, *see* U.S.S.G. § 4A1.2(e)(1), courts must also count any sentence of imprisonment "that resulted in the defendant being incarcerated during any part of such fifteen-year period." *Id.* Holcomb was released on parole in 1976, but he returned to prison in 1995 after violating his parole, thus bringing his 1972 conviction within the fifteen-year period. *See id.* § 4A1.2(k)(2)(B) (we must look to "the date of last release" to determine whether the previous conviction is counted within the fifteen-year period); *United States v. Semsak,* 336 F.3d 1123, 1128 (9th Cir.2003) (a parole revocation within the fifteen-year period brings a conviction older than fifteen years within U.S.S.G. § 4A1.2(e)(1)).

With regard to his 1991 convictions in Oregon, we need not decide whether they were properly counted as unrelated offenses because even if they are counted as only one conviction, as Holcomb urges, that conviction, when coupled with his 1972 conviction, is sufficient to meet the statutory requirements for the enhancement.[1]

 Finally, following the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Sentencing Guidelines must be treated as advisory, not mandatory, and sentences must be "reasonable" in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cantrell,* 433 F.3d 1269, 1281 (9th Cir.2006). Holcomb's only basis for arguing that his sentence was unreasonable is that, given his age, Holcomb may die in prison. The record shows, however, that after considering the relevant factors under § 3553(a), and after noting that Holcomb's age made this "a difficult case," the district court concluded that the sentence imposed was reasonable. We agree and affirm Holcomb's sentence.

**AFFIRMED.**

---

1. Holcomb's criminal history category (Category VI) and offense level (29) would be the same regardless of whether he has two or three prior convictions for crimes of violence.

*See* U.S.S.G. § 4B1.1(b).