**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Annevia Ruffin THOMPSON, a/k/a Kimberly Nelson and Annevia Ruffin–Thompson, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Annevia Ruffin Thompson, a/k/a Kimberly Nelson and Annevia Ruffin–Thompson, Defendant–Appellant.**

**Nos. 05–50606, 05–50808.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2007.

Filed Feb. 23, 2007.

Becky S. Walker, Esq., Elaine Lu, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: T.G. NELSON, SILER,\* and HAWKINS, Circuit Judges.

## MEMORANDUM \*\*

Annevia Ruffin Thompson ("Thompson") challenges her mail fraud and possession of stolen mail convictions on the grounds that damaging evidence was unlawfully seized, improperly admitted, or both. Thompson also challenges her sentence on the grounds that the district court improperly imposed a twelve-point Guidelines enhancement under section 2B1.1(b)(1) and made an improper delegation to the Probation Office in imposing a particular condition of supervised release.

Assuming, without deciding, that the seizure of evidence from Thompson's hotel room was unlawful under *Georgia v. Randolph*, 547 U.S. 103, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006), the admission of this evidence to impeach Thompson on cross-examination was proper. *James v. Illinois*, 493 U.S. 307, 308–09, 110 S.Ct. 648, 107 L.Ed.2d 676 (1990). To the extent that a brief mention of this evidence was made during the government's case-in-chief, the court is "convinced … beyond a reasonable doubt … that the improperly admitted evidence"—if, indeed, improperly admitted—"did not contribute to the verdict." *United States v. Bishop*, 264 F.3d 919, 927 (9th Cir.2001).

Further, the district court did not abuse its discretion in admitting evidence tending to show that Thompson was engaged in fraudulent activities beyond the scope of the charged scheme. *United States v. Ramirez–Robles*, 386 F.3d 1234, 1240 (9th Cir.2004). The evidence was properly admitted under Rule 404(b) because: (1) Thompson's knowledge and intent were material issues in the case;[1] (2) Thompson's other identity-theft-related activities were similar to the charged bank fraud and possession of stolen mail offenses;[2] (3) there was sufficient evidence for the jury to find that Thompson indeed engaged in these other activities; and (4) the charged offenses and the other activities were taking place simultaneously, *see United States v. Blitz*, 151 F.3d 1002, 1008 (9th Cir.1998), and the district court did not abuse its discretion under Rule 403 when it found that the probative value of the disputed evidence was not "substantially outweighed by the danger of unfair prejudice" it might cause.

or did the district court clearly err when it calculated Thompson's intended loss, for purposes of U.S.S.G. § 2B1.1(b)(1), as being between $200,000 and $400,000. *United States v. Carter*, 219 F.3d 863, 866 (9th Cir.2000). When calculating intended loss, "[t]he court need only make a reasonable estimate of the loss," and can "tak[e] into

\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Thompson put both her *knowledge* of the stolen nature of the mail and her *intent* to commit fraud at issue when she testified that she was holding the stolen mail for a friend and was unaware she was participating in a fraudulent scheme. Moreover, knowledge is an essential element of possession of stolen mail under 18 U.S.C. § 1708, and intent is an essential element of bank fraud under 18 U.S.C. § 1344(2).

2. Similarity must be shown when both knowledge and intent are at issue, as is the case here. *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir.2005). Thompson's other fraudulent activities were similar to her charged offenses not because they dealt with the same basic topic (fraud), but because they involved forging documents, capitalizing on other people's credit, and assuming other people's identities, all of which Thompson had done in the course of carrying out the charged scheme.

account, as appropriate and practicable under the circumstances, factors such as ... [t]he approximate number of victims multiplied by the average loss to each victim." *Id.* § 2B1.1 cmt. 3(C). This is precisely what the district court did here. Accordingly, there was no error in imposing a twelve-point enhancement under section 2B1.1(b)(1) of the Guidelines.[3]

Finally, there was no plain error in the supervised release condition requiring Thompson to "submit to drug and alcohol testing, as instructed by the Probation Officer." *United States v. Maciel–Vasquez,* 458 F.3d 994, 996 (9th Cir.2006).

**AFFIRMED.**

---

3. The district court's use of the word "reasonable" in connection with calculating intended loss does not evidence a premature use of the court's sentencing discretion under *Booker*; rather, it evidences the district court's use of the Sentencing Guidelines' application notes, which require district courts to "make a *rea-*

*sonable* estimate" of the intended loss. *See* U.S.S.G. § 2B1.1 cmt. 3(C) (emphasis added).

