**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timothy BLAKE, Defendant–Appellant.**

No. 06–10212.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007.[*]

Filed Aug. 31, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Anne R. Traum, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Timothy Blake appeals from his sentence imposed following a remand pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Blake contends that the district court erred when it entered an amended judgment with a condition of supervised release that conflicted with the court's oral statement that it would reimpose Blake's prior sentence. Because Blake failed to object to the district court's modification of the drug testing provision without a full resentencing hearing, we review for plain error. We conclude that "any error or prejudice caused by the district court's decision to impose this condition did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings," *see United States v. Maciel–Vasquez*, 458 F.3d 994, 996 (9th Cir.2006), and we note the Blake has another remedy available to him, namely modification of his conditions of supervised release under 18 U.S.C. § 3583(e)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Blake also contends that while the district court set a maximum number of drug tests as a condition of supervised release, it improperly delegated discretion to the probation officer as to the actual number of tests to which he was subject. However, we conclude that any error would not rise to the level of plain error. *See United States v. Jeremiah,* 493 F.3d 1042, 1046–47 (9th Cir.2007). In light of Blake's history of substance abuse, we reject his contention that the drug testing condition was not properly tailored to him. *See Maciel–Vasquez,* 458 F.3d at 996.

**AFFIRMED.**

LEAVY, Circuit Judge, dissenting:

Because the district court indicated that it would not have imposed a materially different sentence under an advisory Guidelines system, the district court had "no authority to re-sentence [Blake]." *See United States v. Combs,* 470 F.3d 1294, 1297 (9th Cir.2006); *see also United States v. Perez,* 475 F.3d 1110, 1114 (9th Cir.2007) (vacating and remanding where this Court remanded for the district court to resentence defendant, but the district court followed the procedure for a limited remand pursuant to *Ameline* ). I conclude that the district court erred in entering an amended judgment altering the conditions of Blake's supervised release, following its oral pronouncement that it would reimpose Blake's sentence. *See Combs,* 470 F.3d at 1297; *United States v. Napier,* 463 F.3d 1040, 1043 (9th Cir.2006). Therefore, I would vacate and remand.