* This panel unanimously finds this case suitable for decision without oral argument. *See*

still outstanding is insufficient to keep the district court from finding Hart's claims moot. *United States v. Ford*, 650 F.2d 1141, 1143–44 (9th Cir.1981).

**AFFIRMED.**

**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Billy Dave BROWN, Defendant—**
**Appellant.**

No. 07–30024.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007 *.

Filed Oct. 1, 2007.

Robert A. Ellis, Esq., USYA—Office of the U.S. Attorney, Yakima, WA, for Plaintiff-Appellee.

Rebecca L. Pennell, Esq., Fdwaid—Federal Defenders Of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Fed. R.App. P. 34(a)(2).

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Billy Dave Brown appeals from the 24–month sentence imposed after revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Brown contends that the district court erred by finding that he violated the terms of his supervised release on the basis of legally invalid and nonexistent release conditions. We disagree. Even if the district court erred by finding that Brown violated his supervised release due to a positive drug test and by failing to submit to urinalyses, the error did not rise to the level of plain error. *See United States v. Maciel–Vasquez,* 458 F.3d 994, 996 (9th Cir.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 2097, 167 L.Ed.2d 817 (2007). Moreover, there were additional, ample grounds to support the district court's findings that Brown had violated his supervised release.

Brown also contends that his 24–month sentence is not reasonable. We disagree. The district court judge considered the advisory Guidelines range and gave substantial reasons why he imposed a sentence in excess of the advisory Guidelines range. Accordingly, we conclude that Brown's sentence is reasonable. *See United States v. Miqbel,* 444 F.3d 1173, 1176 (9th Cir.2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).