UNITED STATES of America,
Plaintiff–Appellee,

v.

Eduardo ARAZA, Defendant–Appellant.

No. 06–50563.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Dec. 18, 2007.

Supplemental Memorandum
Filed April 8, 2008.

Roger W. Haines, Jr., Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

David A. Schlesinger, Esq., Guerrero Jacobs & Schlesinger LLP, San Diego, CA, for Defendant–Appellant.

Before: FARRIS and PAEZ, Circuit Judges, and BLOCK,* District Judge.

MEMORANDUM **

Eduardo Araza appeals from his jury-trial conviction for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and possession of marijuana with in-

---

\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tent to distribute, in violation of 21 U.S.C. § 841(a)(1). He also appeals from the 42-month sentence imposed following his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm Araza's conviction.

Araza seeks reversal of his conviction on the grounds that the district court erroneously denied his motion to suppress his confession and allowed the prosecutor to violate Federal Rule of Evidence 404(a) in rebuttal argument.

■ We review de novo the voluntariness of a confession. *United States v. Gamez*, 301 F.3d 1138, 1144 (9th Cir. 2002). The record fails to support Araza's position that the agents coerced him into involuntarily confessing through their treatment of his fifteen-year old son. The district court found no evidence that Araza's son was treated inappropriately. The court also found that Araza inculpated himself before discussing his son with the agents. *Cf. United States v. Tingle*, 658 F.2d 1332, 1336 (9th Cir.1981). Araza fails to identify coercive law enforcement activity. His confession was not involuntary. *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).

■ We review for abuse of discretion the district court's decision to admit evidence over Rule 404(a) objections. *United States v. Martinez*, 182 F.3d 1107, 1110 (9th Cir.1999). The prosecutor's reference to Araza's business practices in rebuttal argument did not violate Rule 404(a). Prosecutors may draw reasonable inferences from the evidence in closing argument. *United States v. Henderson*, 241 F.3d 638, 652 (9th Cir.2000).

Araza also contends that the district court erred by denying a minor role adjustment pursuant to U.S.S.G. § 3B1.2(b) because he was a garden-variety drug courier. The district court found that Araza's activity in furtherance of the crimes rendered him more than a mere courier. *See United States v. Davis*, 36 F.3d 1424, 1436–37 (9th Cir.1994). That finding has record support. The district court did not err by denying a minor role adjustment. *See United States v. Cantrell*, 433 F.3d 1269, 1283–84 (9th Cir.2006).

Araza also challenges the reasonableness of his 42–month sentence. We vacate submission of this issue pending the en banc decision in *United States v. Zavala*, 443 F.3d 1165 (9th Cir.2006), and *United States v. Carty*, 453 F.3d 1214 (9th Cir. 2006), *consolidated reh'g en banc granted*, 462 F.3d 1066. The panel will file a supplemental memorandum after these opinions have been filed; the memorandum will also address the effect, if any, of the Supreme Court's recent decision in *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Conviction **AFFIRMED.** The mandate shall be stayed pending further order of the court.

## SUPPLEMENTAL MEMORANDUM

Eduardo Araza appeals from the 42–month sentence imposed following his conviction[1] for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and

---

[1] We affirmed Araza's conviction in a separate, unpublished memorandum disposition. *See United States v. Araza*, 259 Fed.Appx. 976, No. 06–50563, 2007 WL 4463072 (9th Cir. Dec.18, 2007). That disposition indicated that we would vacate submission of Araza's challenge to the reasonableness of his sentence pending the en banc decision in *United States v. Carty*, 520 F.3d 984, 2008 WL 763770 (9th Cir. Mar.24, 2008) (en banc).

possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Araza contends that the district court erred by treating the Guidelines range as the presumptive sentence. We reject this contention. The record indicates that the district court treated the Guidelines range as "the starting point and the initial benchmark." *Gall v. United States,* —— U.S. ——, ——, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). The district court then analyzed the Guidelines-recommended sentence in light of the 18 U.S.C. § 3553(a) sentencing factors and the unique facts of Araza's case. *See United States v. Carty,* 520 F.3d 984, ——, 2008 WL 763770 at *6 (9th Cir. Mar.24, 2008) (en banc). There was no error.

Araza also contends that the district court erred by failing to consider all the sentencing factors under § 3553(a). We disagree. "The district court need not tick off each of the 3553(a) factors to show that it has considered them." *Id.* at ——, 2008 WL 763770 at *5. The record indicates that the district court considered the relevant factors.

Araza also argues that the district court erred by enhancing his sentence on the basis of his prior convictions where the fact of those convictions was not found by a jury.[2] As Araza acknowledges, however, this argument remains foreclosed by *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), as well as our own precedents. *See, e.g., United States v. Maciel-Vasquez,* 458 F.3d 994, 995–96 (9th Cir.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 2097, 167 L.Ed.2d 817 (2007).

**AFFIRMED.**

---

2. Araza raised this issue in his opening brief, but we did not address it in the original memorandum disposition.

