**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Patrick Scott BRACKETT,**
**Defendant–Appellant.**

No. 07–30297.

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted May 20, 2008.*

Filed May 23, 2008.

Helen J. Brunner, Esq., Janet L. Freeman, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Patrick Scott Brackett appeals from the 13–month sentence imposed following the revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Brackett contends that his revocation hearing violated Federal Rule of Criminal Procedure 32.1(b)'s due process guarantees because the district court did not make a formal finding that he violated his supervised release. We conclude that, even if the district court erred by failing to make a formal finding, the error did not affect Brackett's substantial rights. *See United States v. Maciel–Vasquez*, 458 F.3d 994, 996 (9th Cir.2006).

Brackett also contends that there was insufficient evidence to find that he violated the conditions of his supervised release. Because the record demonstrates that Brackett admitted to violating the conditions of his supervised release, there was no error. *See id.*

Brackett next contends that the district court erred at sentencing by relying dis-

---

proportionately on the seriousness of his violations and by failing to specify the reasons for the sentence. Brackett also contends that his sentence is substantively unreasonable because it is too harsh for the violations found. We conclude that there was no procedural error and that Brackett's sentence is substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 991–95 (9th Cir.2008) (en banc); *see also United States v. Miqbel*, 444 F.3d 1173, 1176 n. 5 (9th Cir.2006).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

