**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Jose Luis CONTRERAS, Defendant–
Appellant.**

**No. 06–50164.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008 *.

Filed July 30, 2008.

Becky S. Walker, Esq., John E. Lee, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Hayne Yoon, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Jose Luis Contreras appeals from the 70–month sentence imposed following his guilty-plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

█ Contreras contends that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to resolve his objection to the Probation Office's failure to include mitigating evidence regarding the reason he returned to the United States in the Presentence Report ("PSR"). Because the district court made clear that the Probation Office's failure to include the mitigating evidence in the PSR would not affect its sentencing decision, the district court did not violate Rule 32. *See United States v. Ingham*, 486 F.3d 1068, 1077 (9th Cir.2007).

Contreras also contends that the district court erred when it applied the preponderance of the evidence standard to the mitigating evidence presented. The district court did not err in this regard. *See United States v. Kilby*, 443 F.3d 1135, 1140 (9th Cir.2006). Moreover, the district court did not clearly err when it determined that Contreras failed to show by a preponderance of the evidence that he returned to the United States to help his family. *See id.* at 1141.

Contreras's contention that the district court erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors and by attaching a presumption of reasonableness to the Guidelines range also fails. The district court did not procedurally err. *See Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007); *see also United States v. Carty*, 520 F.3d 984, 994–95 (9th Cir.2008) (en banc). Further, the district court did not err in concluding that no unwarranted sentencing disparity existed as a result of the government's choice not to offer Contreras a fast-track deal. *See United States v. Banuelos–Rodriguez*, 215 F.3d 969 (9th Cir.2000); *see also United States v. Marcial–Santiago*, 447 F.3d 715, 718 (9th Cir. 2006).

Contreras's contention that the sentencing enhancements under 8 U.S.C. § 1326(b) violate the Sixth Amendment is foreclosed by *United States v. Maciel–Vasquez*, 458 F.3d 994, 995–96 (9th Cir. 2006).

Contreras's contention that the district court abused its discretion when it imposed a condition of supervised release that requires him to report to the probation office within 72 hours of reentry and truthfully answer all inquiries by the probation office because the condition violates his Fifth Amendment right against self-incrimination is foreclosed by *United States v. Abbouchi*, 502 F.3d 850, 859 (9th Cir.2007).

█ We remand to the district court with directions to correct the judgment of conviction to exclude the reference to 8 U.S.C. § 1326(b) because Contreras was only convicted of one crime. *See United States v. Herrera–Blanco*, 232 F.3d 715,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct judgment.**