UNITED STATES of America,
Plaintiff–Appellee,

v.

Andrew RUBIN, aka Andrew David
Rubin; Drew Rubin, Defendant–
Appellant.

No. 07–50110.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2009.

Filed April 27, 2009.

Michael J. Raphael, Esq., USLA—Office of the U.S. Attorney Criminal Division, Ruth C. Pinkel, Esq., Los Angeles, CA, for Plaintiff–Appellee.

Alissa Peterson, Esquire, Law Offices of Alissa Sawano Peterson, Irvine, CA, for Defendant–Appellant.

Before: CANBY, RAWLINSON and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Appellant Andrew Rubin appeals the three-year term of supervised release and four of the conditions of supervised release imposed as part of the sentence for his conviction by guilty plea to engaging in financial transactions in criminally derived funds, in violation of 18 U.S.C. § 1957. First, Rubin argues that the threeyear term of supervised release is a greater

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

deprivation of liberty than is reasonably necessary. Second, Rubin alleges that the four conditions of supervised release operate as improper occupational restrictions that are overbroad in relation to Rubin's crime. We reject both contentions.[1]

Rubin did not object to a claimed Federal Rule of Criminal Procedure Rule 11 violation or the conditions and length of supervised release in the district court. We therefore review those challenges for plain error. *United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); *United States v. Maciel–Vasquez*, 458 F.3d 994, 996 n. 3 (9th Cir.2006). We review de novo whether Rubin has waived his right to appeal. *See United States v. Bolinger*, 940 F.2d 478, 479 (9th Cir.1991).

■ We cannot entertain Rubin's challenge to standard condition 14, which was clearly included within Rubin's waiver of appeal rights. Nor was that entire waiver invalid due to the district court's supposed failure to ascertain whether the appeal waiver was "knowing and voluntary" as required by Rule 11. The district court's colloquy with Rubin satisfied this standard, and was not plainly erroneous.

■ The district court's imposition of the maximum three-year term of supervised release and its imposition of the three special conditions were not plainly erroneous. To the contrary, all three conditions are reasonably related to the offense Rubin committed, and seem especially appropriate with respect to preventing recidivism. Special condition 3, which mandates Rubin's participation in a substance-abuse program, does not operate as an occupational restriction, and is merited in light of his repeated requests for treatment and his claim that his criminal behav-

ior is attributable to his drug problem. We therefore affirm both the term and the conditions of supervised release set by the district court.

**AFFIRMED.**

---

1. It is ordered granting appellant's Request for Judicial Notice.

