**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICTOR MANUEL OLMEDO-
COLLAZO, AKA Victor Luna-Luna,
AKA Luis Enrique Luna,

Defendant - Appellant.

No. 09-50091

D.C. No. 8:08-cr-00190-CJC-1

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted January 11, 2010 [**]
Pasadena, California

Before: GOODWIN, CANBY, and O'SCANNLAIN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Defendant Victor Olmedo-Collazo ("Defendant") appeals the sentence imposed in his criminal case. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Defendant argues that the district court erred in imposing an obstruction of justice enhancement to his sentence for misrepresenting to the district court the true identity of his father. Defense counsel identified Defendant's grandfather, who is listed as Defendant's father on Defendant's official Mexican birth certificate, as Defendant's father. Because Defendant's grandfather is a United States citizen, such misrepresentation could affect Defendant's potential citizenship and, in turn, his charge for illegal reentry after deportation.

Defendant claims he did not obstruct justice because the misrepresentation was made solely by his counsel. Defendant relies on *United States v. Eirven*, 987 F.2d 634 (9th Cir. 1993), where the court reversed an obstruction of justice enhancement when the defense incorrectly asserted that the prior crimes used in calculating the defendant's criminal history were committed by another person using the defendant's identity. On appeal, the defendant claimed his drug addiction had left him unable to recall whether he was guilty of the prior crimes. *Id.* at 635. The Court concluded that obstruction of justice could not be proven by a preponderance of the evidence because doing so would require invading the

attorney-client privilege to determine the defendant's knowledge and the position he instructed his lawyer to take. *Id.* at 636.

*Eirven* is easily distinguishable. Here, Defendant was 44 years old at the time of sentencing and has known his father's identity since he was 29 years old. Thus, we need not invade the attorney-client privilege to know that Defendant willfully allowed his unsuspecting counsel to misrepresent Defendant's paternity to the district court. Accordingly, the obstruction of justice enhancement was proper.

Defendant also argues that his sentence is unreasonable. Sentencing decisions are reviewed for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (citing *Gall v. United States*, 552 U.S. 38, 49–50 (2007)). While sentences within the Sentencing Guidelines range are not presumed reasonable, they are not often found unreasonable on appeal. *Id.* at 994. Here, the district court carefully considered the relevant factors. Indeed, the court imposed a downward departure from the Sentencing Guidelines range. The district court did not abuse its discretion in imposing Defendant's sentence.

Defendant further argues that the district court did not comply with Federal Rule of Criminal Procedure 32(i)(3) in considering sentence-enhancing factors. We review de novo the district court's compliance with Rule 32. *United States v. Herrera-Rojas*, 243 F.3d 1139, 1142 (9th Cir. 2001). Rule 32 findings must be

express, but need not be detailed or lengthy. *United States v. Ingham*, 486 F.3d 1068, 1074 (9th Cir. 2007). Here, the district court discussed at length whether it could rely on the aggravating factors. (1 ER 36–39). Accordingly, Rule 32 was satisfied.

Finally, Defendant raises two objections that he acknowledges are foreclosed by Ninth Circuit precedent in order to preserve them for further review. Defendant argues that the district court should not have counted Defendant's 2005 offenses as part of his prior criminal history because those offenses occurred during the commission of the instant offense of illegal reentry after deportation. That argument is foreclosed by *United States v. Cruz-Gramajo*, 570 F.3d 1162 (9th Cir. 2009). Defendant also argues that a condition of Defendant's supervised release–that he report to the probation office within 72 hours of any reentry into the United States–violates his Fifth Amendment right against self-incrimination. That argument is foreclosed by, *inter alia*, *United States v. Maciel-Vasquez*, 458 F.3d 994, 996–97 (9th Cir. 2006), *cert. denied Maciel-Vasquez v. United States*, 550 U.S. 905 (2007).

AFFIRMED.