**NOT FOR PUBLICATION**

FILED

JUN 08 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50329 |
| Plaintiff - Appellee, | D.C. No. 3:15-cr-01103-LAB-1 |
| v. | |
| VICTOR MANUEL CASTANEDA-MONTES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted May 4, 2016
Pasadena, California

Before: W. FLETCHER and GOULD, Circuit Judges and LEMELLE,[**] Senior
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S.
District Court for the Eastern District of Louisiana, sitting by designation.

Victor Manuel Castaneda-Montes ("Castaneda") challenges his sentence of 69 months following a conviction for attempted reentry into the United States following deportation, 8 U.S.C. § 1326(a). We affirm.

The district court did not plainly err in applying a 16-level crime of violence enhancement. U.S.S.G. § 2L1.2(b)(1)(A)(ii). Castaneda argues for the first time on appeal that his conviction for violating a restraining order with an act of violence or a credible threat of violence is not categorically a crime of violence. But he has not cited any case in which state courts have applied this statute to conduct that does not rise to the federal definition of a crime of violence, and he has not otherwise shown a "realistic probability" that the statute would be applied overbroadly. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). The district court's application of the enhancement was thus not plain error.

Castaneda also argues that the sentencing scheme under 8 U.S.C. § 1326 violates the Sixth Amendment. However, the Supreme Court has held otherwise. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). And we have previously rejected the argument that this part of *Almendarez-Torres* was implicitly overruled by subsequent Supreme Court precedent. *See United States v. Maciel-Vasquez*, 458 F.3d 994, 995–96 (9th Cir. 2006).

**AFFIRMED.**