NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SHELDON KOYANAGI, AKA Shelden
Koyanagi,

    Defendant-Appellant.

No. 21-10124

D.C. No. 1:13-cr-00151-HG-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted January 19, 2022**

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

    Sheldon Koyanagi appeals from the district court's judgment and challenges

the 18-month sentence and two special conditions of supervised release imposed

upon revocation of supervised release.  We have jurisdiction under 28 U.S.C.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Appellant's motion to
expedite submission of this appeal without oral argument is granted.

§ 1291, and we affirm.

Koyagani first contends that the district court failed to consider his arguments and based the sentence on impermissible sentencing factors. The record belies these claims. The district court considered Koyagani's arguments for a within-Guidelines sentence and thoroughly explained its reasons for the upward variance. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The court's explanation reflects that it properly imposed the sentence to sanction Koyanagi for breaching the court's trust through, among other things, engaging in extreme attempts to circumvent supervision, rather than to punish him or promote respect for the law. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). Moreover, contrary to Koyanagi's contention, the sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Koyanagi next challenges the special condition of supervised release requiring him to submit to periodic suspicionless searches of his electronic data. Koyanagi's constitutional challenges to this condition are unavailing. *See United States v. Bare*, 806 F.3d 1011, 1018 n.4 (9th Cir. 2015) (Fourth Amendment does not prohibit searches of federal supervisees' electronic data); *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007) (suspicionless searches of federal supervisees do not violate Fourth Amendment). Moreover, the court did not abuse its discretion in

21-10124

imposing the condition because (1) it is properly limited to devices in Koyanagi's control, *see Bare*, 806 F.3d at 1018; and (2) the record supports the court's finding that the condition was warranted because Koyanagi's violation involved the use of a social networking service, *see id.* at 1017 (district court may impose electronic device search condition as long as it makes a factual finding establishing "some nexus" between computer use and one of the goals of sentencing).

Finally, Koyanagi challenges the special condition of supervised release requiring him to submit to drug testing in connection with drug treatment. The court did not plainly err in imposing this condition. *See United States v. Maciel-Vasquez*, 458 F.3d 994, 996 (9th Cir. 2006). Drug testing is a mandatory condition of supervised release, *see* 18 U.S.C. § 3583(d)(2), and although Koyanagi appears to have no recent history of substance abuse, it is apparent that the district court adopted probation's recommendation to impose the challenged condition in light of Koyanagi's history of substance abuse and two federal drug convictions. *See United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (district court need not state reasons for supervised release condition if its reasoning is apparent from the record).

We do not consider matters not distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**