**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.

JESUS ANTONIO SANTIAGO,
             *Defendant-Appellant.*

No. 05-30584

D.C. No.
CR-04-00211-BLW

OPINION

Appeal from the United States District Court
for the District of Idaho
Terry J. Hatter, District Judge, Presiding

Argued and Submitted
September 15, 2006—Portland, Oregon

Filed October 23, 2006

Before: Barry G. Silverman and Ronald M. Gould,
Circuit Judges, and John S. Rhoades, Sr.,* District Judge.

Opinion by Judge Gould

---

*Senior United States District Judge for the Southern District of California, sitting by designation.

**COUNSEL**

Greg J. Fuller, Fuller Law Offices, Twin Falls, Idaho, for defendant-appellant Jesus Antonio Santiago.

Michelle R. Mallard and Alan Burrow (argued), Assistant United States Attorneys, Pocatello, Idaho, for plaintiff-appellee United States of America.

**OPINION**

GOULD, Circuit Judge:

We consider whether the plain error standard of review applies when the district court expressed "concern" about how a Presentence Report ("PSR") calculated the quantity of drugs attributable to the defendant, but the defendant did not object to any part of the PSR. We hold that in such a case the plain error standard of review applies. Concluding here that there was no plain error, we affirm the defendant's sentence.

On August 4, 2005, Jesus Antonio Santiago pled guilty to

one count of conspiracy to distribute methamphetamine. Because the approximately three kilograms of methamphetamine seized or purchased by government agents from Santiago and his co-conspirators did not reflect the full scale of Santiago's offense, the PSR, pursuant to the Federal Sentencing Guidelines, estimated the quantity of methamphetamine attributable to Santiago. *See* U.S.S.G. § 2D1.1 cmt. n.12 (2005). The PSR calculated this as being between 17 and 104.3 kilograms.[1] The PSR based its estimate on interviews with persons who purchased methamphetamine from and used methamphetamine with Santiago. Persons interviewed said that Santiago delivered between one and five pounds of methamphetamine per week over an eighteen to twenty-three month period. Santiago did not file written objections to any facts recited in the PSR.

At Santiago's sentencing hearing on November 1, 2005, the district court explicitly expressed serious doubts as to the accuracy of the drug-quantity estimates in the PSR.[2] The district court also acknowledged that "I have some concern about how the total amount of drugs was arrived at. Nevertheless, I'm convinced that there's a sizable amount." Notwithstanding the district court's observations, Santiago did not object to the drug-quantity calculations at the sentencing hearing. The district court then sentenced Santiago to 300 months imprisonment with ten years supervised release. On appeal, Santiago argues that the district court did not properly calcu-

---

[1]An attributable quantity of fifteen kilograms or more of methamphetamine results in the highest base offense level possible under the Sentencing Guidelines. *See* U.S.S.G. § 2D1.1(c)(1).

[2]The district court stated:

> While clearly we often have to make estimates about the amount of drugs involved, the estimates here are just beyond, I think, reasonableness, just accepting what various individuals [who] have been involved have indicated, much of which, I would think, would be an opportunity for these individuals to try to whitewash their own involvement.

late the drug quantity attributable to him, and that this was reversible error.

**[1]** When a party does not lodge a specific objection in the district court, yet asserts error on appeal, we review under our familiar plain error standard:

> Before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Maciel-Vasquez*, 458 F.3d 994, 996 n.3 (9th Cir. 2006) (internal quotation omitted). Because Santiago did not object to the drug-quantity calculations in the PSR before sentencing or at the sentencing hearing, the government argues that we may review only for plain error. Santiago urges that because the district court expressed concerns about the PSR's quantity calculations, no objection by counsel was necessary, and that we are not limited to plain error review.[3] We reject Santiago's argument and conclude that absent specific objection by the defendant, the plain error standard controls even when the district court expresses concern about a PSR.

**[2]** "A specific objection provides the district court with an opportunity to address the error in the first instance and allows this court to engage in more meaningful review." *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004); *see United States v. Carter*, 219 F.3d 863, 866-67 (9th Cir. 2000)

---

[3]If not limited to plain error review, then we review the district court's factual determination for clear error. *United States v. Knows His Gun*, 438 F.3d 913, 917 n.2 (9th Cir. 2006).

("[R]esolving a defendant's factual objections to the PSR on the record ensures meaningful appellate review of the sentence."). Though the district court may have had concerns about the PSR, when counsel for Santiago did not object, the district court was entitled to conclude, without further analysis, that its concerns were unjustified. *See* Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact . . . .").

**[3]** Other circuits addressing similar issues have reached the same conclusion. *See Bostic*, 371 F.3d at 871-72 (reviewing a sentence for plain error when the defendant filed a downward-departure motion before the sentencing hearing, the district court asked for the opinion of government counsel, and the government failed to object); *United States v. Hansley*, 54 F.3d 709, 715 (11th Cir. 1995) (applying the plain error standard of review when the district court asked for objections to the PSR's drug-quantity attribution and the defendant provided none).

**[4]** We thus hold that our review is limited to review for plain error when counsel has not objected to any part of the PSR, whether or not the district court has expressed concerns, doubts, or qualifications regarding the PSR's drug-quantity calculation. In an adversarial system, it is counsel's duty to object to any part of a PSR that a party asserts to be erroneous.[4]

**[5]** Santiago nevertheless argues that the district court plainly "erred in failing to set forth . . . the factual basis for determining Santiago's individual conduct and responsibility

---

[4]Our conclusion is reinforced by the guidance of a respected procedural treatise, which states that the rule requiring an objection to avoid review for only plain error "is essential to the orderly administration of civil justice" because it alerts the trial court to possible errors and allows the opportunity to correct them in the first instance, saving the parties and the public the expense of an appeal. 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2472 (2d ed. 1995).

relative to other co-conspirators." However, when a defendant fails to object to the facts set forth in the PSR, the district court is not required to make any factual findings. *See United States v. Charlesworth*, 217 F.3d 1155, 1160 (9th Cir. 2000) ("Charlesworth did not contest any of the information in the PSR; therefore, there was no need for the court to make any findings."); *see also United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) ("Of course, the district court may rely on undisputed statements in the PSR at sentencing."). Stated another way, by indicating concern, the district court was at most inviting an objection; when no objection was made, the district court had no disputed fact to resolve.

[6] Here, the PSR calculated the drug quantity individually attributable to Santiago[5] and Santiago did not dispute it. Because, absent objection, the district court did not err in relying on the PSR, and because the PSR calculated the drug quantity individually attributable to Santiago, there was no plain error.[6]

**AFFIRMED.**

---

[5]The PSR estimated that Santiago delivered between 17 and 104.3 kilograms of methamphetamine and concluded, "[Santiago] is responsible for delivering in excess of 15 kilograms of methamphetamine."

[6]Santiago relies on the memorandum opinion of the District Court for the District of Columbia in *United States v. Haynes*, 906 F. Supp. 5, 9 (D.D.C. 1995), for the proposition that the district court may not merely adopt drug quantity calculations in a PSR, but rather must explicitly determine the amount of drugs for which the defendant is responsible. *Haynes* in turn relied upon the decision of the D.C. Circuit in *United States v. Saro*, 24 F.3d 283 (D.C. Cir. 1994). *Saro* stated that the failure to explicitly determine the amount of drugs for which the defendant is responsible, standing alone, is not plain error. *Id.* at 288 ("Without more, this lack of explicitness would not constitute plain error . . . ."). Santiago's unduly broad reading of D.C. Circuit law is thus unpersuasive.