**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Suhail ISSA, Defendant–Appellant.**

**No. 06–10220.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2006 *.

Filed Feb. 7, 2007.

Brenda Horne, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

---

10. *United States v. Silva,* 472 F.3d 683 (9th Cir.2007).

\* *United States v. Issa,* No. 06–10220, and *United States v. Gant,* No. 06–10237, were companion cases for the purpose of oral argument. These cases will be decided separately.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before: NOONAN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM \*\*

Suhail Issa ("Issa") appeals his 24–month prison sentence imposed following the revocation of his supervised release, alleging that the district court erred by failing to state its reasons, pursuant to 18 U.S.C. § 3553(c)(2), for departing from the 4–10 month range provided in United States Sentencing Guideline § 7B1.4 and by considering impermissible factors in determining Issa's sentence, in violation of 18 U.S.C. § 3583(e). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.

Because Issa did not raise the alleged sentencing errors in district court, we review for plain error.[1] *United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Cotton,* 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). If the first three prongs of the plain error test are met, "an appellate court may exercise its discretion to notice a forfeited error

---

1. Issa's sentencing memorandum, submitted to the district court prior to sentencing, is insufficient to preserve an objection to the factors considered in determining his ultimate sentence and does not enable him to avoid plain error review. *Cf. United States v. Santiago,* 466 F.3d 801, 803 (9th Cir.2006) (requiring a specific objection to avoid plain error review).

that (4) 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Cotton,* 535 U.S. at 631, 122 S.Ct. 1781).

In the present case, it is not necessary to decide whether either alleged error satisfies the first three conditions of the plain error test because—even assuming they do—Issa cannot demonstrate that either forfeited error seriously affected the fairness, integrity, or public reputation of judicial proceedings in this case and we therefore may not exercise our discretion to notice the alleged errors. *See Johnson v. United States,* 520 U.S. 461, 469–70, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Barajas–Montiel,* 185 F.3d 947, 953 (9th Cir.1999). Issa's sentence is within the statutory maximum of 18 U.S.C. § 3583(e)(3), and the record, viewed in its entirety, reasonably justifies the sentence imposed.[2] In light of the apparent substantive reasonableness of Issa's sentence, we conclude that no "miscarriage of justice" will result if we do not notice the forfeited errors. We therefore decline to do so. *See Johnson,* 520 U.S. at 469–70, 117 S.Ct. 1544.

**AFFIRMED.**

---

**2.** We recognize that § 3553(c)(2) errors may affect the fairness, integrity, or public reputation of judicial proceedings insofar as they hinder this court's ability to review a sentence for substantive reasonableness. However, no such concern is raised in this case because the record as a whole sufficiently justifies Issa's sentence.