**UNITED STATES of America, Plaintiff—Appellee,**

v.

**James Earl WYNN, Defendant—Appellant.**

**No. 06–50167.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2008.

Filed Nov. 19, 2008.

---

Christine M. Adams, Esquire, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Steven S. Lubliner, Esquire, Law Offices of Steven S. Lubliner, Petaluma, CA, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, KLEINFELD and RAWLINSON, Circuit Judges.

## MEMORANDUM *

James Earl Wynn (Wynn) appeals his conviction and sentence for aiding and abetting in the filing of false tax returns. Because Wynn failed to object in the district court, our review is for plain error. *See United States v. Santiago,* 466 F.3d 801, 803 (9th Cir.2006).

■ 1. The district court's statements regarding the need to reach a verdict did not coerce the jury. The instructions made clear that each individual member needed to believe in the result and be willing to affirm that belief. The statements were made before deliberations began, thus the instruction was not given "in an atmosphere where the jurors would have felt that unanimity was their only escape from the jury room." *United States v. Berger,* 473 F.3d 1080, 1094 (9th Cir.2007). No plain error occurred.

■ 2. The district court did not violate Wynn's due process rights by instructing the jury regarding the difficulties associated with requesting readbacks of trial testimony. The district court did not forbid the jury from requesting readbacks but rather asked them to design around readbacks where possible. Because the district court has wide latitude in determining whether to provide readbacks, these statements did not constitute plain

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

error. *See United States v. Medina Casteneda,* 511 F.3d 1246, 1249 (9th Cir.2008).

■ 3. The district court did not violate Wynn's due process rights by informing the jury about the difficulty in providing answers to jury questions and asking the jury to design around them. The statements did not have the effect of prohibiting questions. Rather, the district court informed the jury about the process for asking questions, and instructed the jury to continue deliberating after posing a question. *Cf. Beardslee v. Woodford,* 358 F.3d 560, 574–75 (9th Cir.2004), *as amended* (distinguishing the complete failure to answer a question posed by the jury). No plain error occurred.

■ 4. The district court did not plainly err in applying a four-level upward adjustment under U.S.S.G. § 3B1.1(a) for Wynn's role as a leader or organizer of a criminal enterprise. Wynn's criminal activity was otherwise extensive because it involved a significant loss of money and a substantial number of fraudulent tax returns. *See United States v. Rose,* 20 F.3d 367, 374 (9th Cir.1994).

5. Because no plain error was shown, Wynn's structural error argument is unavailing. *See Johnson v. United States,* 520 U.S. 461, 466, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

**AFFIRMED.**