UNITED STATES of America,
Plaintiff—Appellee,

v.

Tracy Lynn AMATO, Defendant—
Appellant.

No. 08–50139.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 3, 2009.*

Feb. 10, 2009.

Lawrence Casper, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kathryn Thickstun Leff, Steven A. Seick, Attorney at Law, San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and MILLS, District Judge.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM ***

Tracy Lynn Amato ("Amato") appeals from her conviction and sentence following a two-count indictment for: (1) bringing in illegal aliens for financial gain and aiding and abetting in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2, and (2) bringing in illegal aliens without presentation in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). We have jurisdiction over Amato's appeal from her conviction pursuant to 28 U.S.C. § 1291. We have jurisdiction over Amato's appeal from her sentence pursuant to 18 U.S.C. § 3742(a).[1] We affirm her conviction and sentence.

■ First, Amato challenges the district court's denial of her motion for acquittal, made pursuant to Fed.R.Crim.P. 29. Amato's motion argues that the evidence against her at the close of the Government's case-in-chief was not sufficient for any rational trier of fact to find, beyond a reasonable doubt, that she knew she was smuggling an alien into the United States. Amato further argues, that by denying her motion, the district court deprived her of her right to be presumed innocent throughout the close of evidence, at which time, she renewed her motion for acquittal.

We review de novo the district court's ruling on Amato's motion for acquittal. *United States v. Bhagat,* 436 F.3d 1140, 1145 (9th Cir.2006). In reviewing the sufficiency of the evidence for Amato's motion, we must determine, viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Carranza,* 289 F.3d 634, 641–42 (9th Cir.2002). Addition-

ally, we must show deference to the district court's assessment of witness credibility. *United States v. Mayberry,* 913 F.2d 719, 721 (9th Cir.1990).

Applying these standards to Amato's case, we find that there was sufficient evidence to show, beyond a reasonable doubt, that Amato knew she was smuggling an alien into the United States: Specifically, Amato made false statements to a border agent while she was driving a car that was substantially modified to allow an alien to hide directly underneath her driver's seat. The district court's denial of Amato's motion for these reasons did not shift the burden to Amato to prove her innocence at trial. *See In re Winship,* 397 U.S. 358, 361, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (noting the duty of the government to establish guilt beyond a reasonable doubt). Rather, Amato's guilty verdict was based on the totality of the evidence in her case.

■ Second, Amato challenges the 36–month sentence she received on Count 2 of her indictment, to be served concurrently with her 36–month mandatory minimum sentence on Count 1. Amato does not challenge her sentence on Count 1, and she did not object in the district court to her sentence on Count 2.

Ordinarily, we review the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of the case for abuse of discretion, and the district court's factual findings for clear error. *United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir.2005). However, when a party fails to make specific objections in the district court, as Amato has here, this court reviews her claim of error

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

on appeal for plain error. *United States v. Santiago,* 466 F.3d 801, 803 (9th Cir.2006). Plain error occurs when there is: (1) error, (2) that is plain, and (3) that affects substantial rights; if all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

Assuming, without deciding, that Amato should not have received a 36–month sentence on Count 2, Amato remained subject to the mandatory minimum 36–month sentence for Count 1. Consequently, if the district court committed error in imposing a sentence beyond the Sentencing Guideline range for Count 2, the error did not affect Amato's substantial rights because it does not affect the length of her total incarceration. *United States v. Jimenez,* 258 F.3d 1120, 1124–27 (9th Cir.2001). The fairness, integrity, or public reputation of Amato's judicial proceedings are not affected, and thus, the sentence Amato received on Count 2 does not warrant re-sentencing.

Accordingly, we **AFFIRM** Amato's conviction and sentence.