UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10042 |
| Plaintiff - Appellee, | D.C. No. 1:07-cr-00108-DAE-1 District of Hawaii, Honolulu |
| v. | |
| ROBERT H. KAIALAU, III, | ORDER AMENDING MEMORANDUM DISPOSITION AND DENYING PETITION FOR REHEARING |
| Defendant - Appellant. | |

Before: FARRIS, D.W. NELSON and BEA, Circuit Judges.

The Memorandum disposition filed February 24, 2010, is amended as

follows:

Page 6, lines 5-6          Delete the last phrase of the last sentence of Part II.B
                           <and thus does not constitute error~~, let alone plain error.~~>

Page 7, lines 4-6          Edit the first sentence of the first full paragraph on page 7
                           so that it reads <We hold that the district court did not
                           **abuse its discretion** ~~commit plain error~~ by permitting
                           Lee ~~and Balasi~~ to testify about events that occurred after
                           the charged assaults of July 30 and August 3, 2003**, nor
                           did the court plainly err by permitting Balasi to do
                           the same**. >


        With the Amended Memorandum Disposition, the panel has voted to deny

the petition for panel rehearing.  The petition for rehearing filed on March 10,

2010, is hereby DENIED.  No further petitions for panel rehearing may be filed.

FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10042 |
| Plaintiff - Appellee, | D. Ct. No. 1:07-cr-00108-DAE-1 |
| v. | |
| ROBERT KAIALAU, III, | AMENDED MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted February 11, 2010
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON, and BEA, Circuit Judges.

Appellant Robert Kaialau III ("Kaialau") appeals his conviction on four

counts of committing violent crimes in aid of racketeering activity ("VICAR"), in

violation of 18 U.S.C. §§ 1959(a)(3) and 2. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

_____

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

I.

We first reject Kaialau's argument that the actions of his security organization were insufficient to constitute racketeering activity. "We review de novo a challenge to the sufficiency of the evidence." *United States v. Tran*, 568 F.3d 1156, 1163 (9th Cir. 2009). "Viewing the evidence in the light most favorable to the government, we must determine whether any rational jury could have found the defendant guilty of each element of the crime beyond a reasonable doubt." *Id.* at 1613-14 (quotation marks omitted).

"Racketeering activity" includes any act indictable under 18 U.S.C. § 1955, which makes it a crime to "conduct[], finance[], manage[], supervise[], direct[], or own[] all *or part* of an illegal gambling business." § 1955 (emphasis added). Providing security services to an illegal gambling business is indictable under § 1955. *See Sanabria v. United States*, 437 U.S. 54, 70 n.26 (1978) ("Numerous cases have recognized that 18 U.S.C. § 1955 (1976 ed.) proscribes any degree of participation in an illegal gambling business, except participation as a mere bettor."); *see also Untied States v. Rieger*, 942 F.2d 230, 234 (3d Cir. 1991) ("[W]e conclude that those who acted as doormen or 'cut men' were not mere bettors, but were participants within the purview of [§ 1955](b)(1)(ii)."); *United States v. Follin*, 979 F.2d 369, 373 (5th Cir. 1992) (affirming conviction under § 1955 of

2

defendant who "served drinks, cooked steaks for those in attendance, and cleaned the kitchen on occasion").

The record contains ample evidence that Kaialau's security organization provided security services to several illegal gambling businesses. Thus, we hold that, viewing the evidence in the light most favorable to the Government, a rational jury could have found that Kaialau's security organization conducted, financed, managed, supervised, directed, or owned part of an illegal gambling business.

## II.

We next reject Kaialau's argument that the district court erred in several respects when it instructed the jury and answered questions the jury submitted during deliberations. Though we generally "review de novo the legal sufficiency of jury instructions," *United States v. Smith*, 561 F.3d 934, 938 (9th Cir. 2009), "[w]hen a party does not lodge a specific objection in the district court, yet asserts error on appeal, we review under our familiar plain error standard," *United States v. Santiago*, 466 F.3d 801, 803 (9th Cir. 2006). Under plain error review, "reversal is discretionary and will be granted only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Tran*, 568 F.3d 1156, 1163 (9th Cir. 2009) (internal citations and quotation marks omitted).

3

A.

The district court did not plainly err in Instruction No. 25, which stated:

> The second element which the Government must prove beyond a reasonable doubt as to Counts 1 through 4 is that the enterprise was engaged in racketeering activity on or around the time of the violent crime charged in the Indictment. Section 1959(b)(1) . . . defines that [sic.] the term "racketeering activity" as the commission of certain state and federal crimes including violations of 18 U.S.C. § 1955, which relates to the prohibition of illegal gambling businesses.
> The elements for a violation of 18 U.S.C. § 1955 are as follows:
> 1) the defendant conducted, financed, managed, supervised, directed, or owned an illegal gambling business . . . ;
> 2) the business involved five or more persons who conducted, financed, managed, supervised, directed, or owned all or part of the business; and
> 3) the business had been in substantially continuous operation by five or more persons for more than thirty days or had a gross revenue of $2,000 in any single day . . . .

Kaialau argues for the first time on appeal that this instruction improperly instructed the jury to determine whether "the defendant," i.e., Kaialau himself, rather than "the enterprise," engaged in racketeering activity.

Kaialau's argument fails because it asks us to view the words "the defendant" in the first element listed in Instruction No. 25 in isolation, rather than in context of the instruction as a whole. As a whole, Instruction No. 25 instructs the jury to determine whether "the enterprise" required by a § 1959 VICAR offense engaged in "racketeering activity" by conducting all or part of an illegal

4

gambling business in violation of § 1955.  The first paragraph of Instruction No. 25 states this expressly: "The second element which the Government must prove . . . is that the enterprise was engaged in racketeering activity."

Kaialau is correct that the jury submitted a note to the court seeking clarification on Instruction No. 25.  But, in its response to the jury's note, the district court again linked Instruction No. 25 to the "enterprise" element of the § 1959 VICAR offense and instructed the jury to apply the elements listed in Instruction No. 25 to the "enterprise," stating: "To prove that the enterprise engaged in racketeering activity, the Government must prove that the enterprise violated 18 U.S.C. § 1955.  The elements of that crime are set forth in Instruction Number 25."  Accordingly, we hold that the district court did not commit plain error in Instruction No. 25.

## B.

The district court likewise did not err in its response to this same jury note by including a re-instruction that the jury must determine whether Kaialau committed an assault in exchange for compensation from the enterprise or to secure his position in the enterprise.  At trial, Kaialau conceded that the district court's response was "a correct statement of the law," but objected that re-instruction on assault was "not responsive to any question" the jury asked.   The

5

district court overruled Kaialau's objection, stating that it believed the jury had implicitly asked the court to clarify what acts "the enterprise" had to commit and what acts "the defendant" had to commit to support a conviction. We hold that the district court's response provided appropriate clarification on the distinction between "the enterprise" and "the defendant" and thus did not constitute error.

## C.

The district court also did not err when it stated in response to another note from the jury that "[t]he Government does not need to prove that the Defendant 'personally conduct, manage or direct the whole illegal gambling business' or was a leader of the enterprise, if you find one existed." This response was perfectly accurate. As addressed above, under § 1955 it is a crime to conduct, finance, manage, supervise, direct, or own "all *or part* of an illegal gambling business." § 1955 (emphasis added). Kaialau's argument has no merit.

## III.

Further, we reject Kaialau's argument that the district court erred by failing to exclude the testimony of two witnesses, Joon Woo Lee and Frank Balasi, as unfairly prejudicial under Federal Rule of Evidence 403. Though we generally review the admission of evidence for abuse of discretion, *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003), where "a party does not lodge a specific

6

objection in the district court, yet asserts error on appeal, we review under our familiar plain error standard," *Santiago*, 466 F.3d at 803.

We hold that the district court did not abuse its discretion by permitting Lee to testify about events that occurred after the charged assaults of July 30 and August 3, 2003, nor did the court plainly err by permitting Balasi to do the same. Their testimony was relevant to contradict and rebut Kaialau's claim that he barely knew Lee and that he never touched Balasi. Neither Lee's nor Balasi's testimony had "an undue tendency to suggest decision on an improper basis," FED. R. EVID. 403 advisory committee's note, because both testified about incidents that paled in comparison to the charged assaults. Accordingly, Kaialau cannot show that the introduction of this evidence was unfairly prejudicial, let alone that its prejudicial impact substantially outweighed its probative value for impeachment purposes and for proving that Kaialau committed the charged assaults to aid an enterprise engaged in racketeering activity.

## IV.

Finally, we reject Kaialau's argument that the district court plainly erred by admitting into evidence a chart titled "Robert Kaialau Organization" that included the faces and names of seventeen individuals associated with Kaialau's security organization and Wang's illegal gambling business.

7

Kaialau argues for the first time on appeal that the district court plainly erred by admitting the chart into evidence, rather than simply allowing the Government to use it as a pedagogical device under Federal Rule of Evidence 1006. However, this court has affirmed the admission of summary charts into evidence in several cases, citing district courts' broad discretion to regulate presentation of evidence under Federal Rule of Evidence 611(a). *See United States v. Poschwatta*, 829 F.2d 1477, 1481 (9th Cir. 1987) (overruled on other grounds); *United States v. Gardner*, 611 F.2d 770, 776 (9th Cir. 1980).

As the Government correctly points out, this case involved numerous individuals, many of whom have similar-sounding names and many of whom are referred to by aliases. In fact, Kaialau's counsel himself used the chart on a number of occasions at trial. Given the factual complexity of this case, the chart very likely contributed to the clarity of the presentation of evidence to the jury, and therefore, we hold that the district court's failure to exclude the chart from evidence did not constitute plain error.

**AFFIRMED**.