FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAFAEL ROMERO-DUARTE,

Defendant - Appellant.

No. 10-30379

D.C. No. 3:09-cr-00119-BR-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 8, 2012
Portland, Oregon

Before: TASHIMA, TALLMAN, and IKUTA, Circuit Judges.

Rafael Romero-Duarte was convicted of a conspiracy count and three

substantive counts of distribution of or possession with intent to distribute

methamphetamine. He argues that the affidavit supporting the TT1 wiretap

application failed to establish necessity and that the district court erred in its factual

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

determination of relevant drug quantity. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. The facts of this case are known to the parties. We need not repeat them here.

We employ a two-step review when a defendant challenges the necessity of a wiretap. First, we review de novo compliance with the wiretap statute and ask whether the affidavit contained "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c); *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1111–12 (9th Cir. 2005). Second, we review for abuse of discretion the issuing court's decision to grant the wiretap based on necessity. *Gonzalez, Inc.*, 412 F.3d at 1111–12.

We hold the affidavit was sufficient and that the issuing court properly authorized the wiretap. In his 77-page affidavit, DEA Special Agent (SA) Macrina recounted the efforts of the 16-month investigation and identified its goal of dismantling the entire international drug trafficking organization (DTO), including its source of supply and all of its co-conspirators. SA Macrina outlined in exhaustive detail which investigative techniques had been used and why they were ultimately of limited utility, and those which had not and why they would be fruitless or dangerous. The investigation's thorough use of electronic pen registers

2

and trap and trace devices prior to the wiretap application is a strong indicator of necessity. *See United States v. Garcia-Villalba*, 585 F.3d 1223, 1228 (9th Cir. 2009). We are also mindful of the additional leeway granted the government in conspiracy investigations, recognizing that conspiracies must be eliminated root and branch to put an end to their criminal activity. *See United States v. McGuire*, 307 F.3d 1192, 1197–98 (9th Cir. 2002).

Romero-Duarte finds fault with the investigation's use of informants, but is unable to explain how further use of them could produce evidence of guilt beyond a reasonable doubt sufficient to bring down the entire conspiracy and all of its members, including its source of supply. *See Garcia-Villalba*, 585 F.3d at 1228; *see also McGuire*, 307 F.3d at 1197–98. In addition, even if a technique achieves some limited success, a wiretap may still be necessary. *United States v. Bennett*, 219 F.3d 1117, 1122 (9th Cir. 2000). SA Macrina persuasively demonstrated in the affidavit that investigators could never have extirpated this DTO without the assistance of a wiretap.

Finally, the district court did not err in adopting the presentence report and its approximation of relevant drug quantity. Because Romero-Duarte failed to make a specific objection to computation of the base offense level, we review the approximation for plain error. *United States v. Santiago*, 466 F.3d 801, 803 (9th

3

Cir. 2006).  There was none.  All of the figures were adequately supported by the record.

**AFFIRMED.**