FILED

NOT FOR PUBLICATION

JUN 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50630 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00132-GW-3 |
| v. | |
| FRANK H. HIGHTOWER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted June 6, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Frank Hightower was convicted of conspiracy, mail fraud, and wire fraud in connection with a "back door" advertising scheme, and was sentenced to 51 months' imprisonment. At sentencing, the district court imposed a 16-level upward adjustment because the total amount of loss attributed to the entire

---

      * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

company was over $1 million, and a 6-level upward adjustment because the total number of victims was over 250.  Hightower appeals, arguing that he should be held liable only for losses and victims that he dealt with directly.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hightower argues that the district court erred in attributing to him the losses and victims of the entire conspiracy, rather than only those for which he was personally responsible.  Specifically, Hightower argues that the district court overstated the scope of his agreement to work with RAB Publications, Inc. ("RAB").

The United States Sentencing Guidelines ("U.S.S.G.") provide that, in the case of jointly undertaken criminal activity, a defendant is accountable for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."  U.S.S.G. § 1B1.3(a)(1)(B).  The relevant determination is "the scope of the criminal activity that the particular defendant agreed to jointly undertake (i.e., the scope of the specific conduct and objectives embraced by the defendant's agreement)."  *Id.* cmt. n.2.  To make this finding, we may look to "any explicit agreement or implicit agreement fairly inferred from the conduct of the defendant and others."  *Id.*

2

Although Hightower was a low-level participant, he was part of an interdependent scheme, that relied on cooperation between salespeople and other employees of RAB. *See United States v. Blitz*, 151 F.3d 1002, 1012–13 (9th Cir. 1998). Hightower was paid a commission based on successful sales, and thus did not share in the profits derived from other salesmen, but his success at the company was dependent on the performance of others. Additionally, Hightower worked and participated in the scheme for approximately three years, knowing it was fraudulent from the beginning. Because Hightower was more than just an independent employee working on his own, and instead was part of an intertwined scheme, heavily dependent on other RAB personnel, the district court did not err in finding him accountable for the entire amount of loss and number of victims.

Hightower next contends that the district court erred in not subtracting the sales he claims were legitimate from the total loss and number of victims. "[I]n calculating intended loss, the district court should give credit for any legitimate services rendered to the victims." *Blitz*, 151 F.3d at 1012. There is no evidence, however, that the district court considered the legitimate sales in the calculation of loss. Additionally, Hightower failed to show that these purportedly legitimate sales would have any effect on his Guidelines range, and thus his sentence. The district court found that the loss was over $1 million, and that there were more than

3

250 victims. Lowering the loss by two victims, and two legitimate sales, would not change the applicability of the enhancements. Therefore, the district court did not plainly err. *See United States v. Santiago*, 466 F.3d 801, 803 (9th Cir. 2006) (stating that when a party does not make a specific objection below, we review for plain error).

Hightower also claims that the restitution order must be vacated and recalculated because the district court's Guidelines loss calculation was incorrect. The district court found that "[t]he defendant will be responsible for paying restitution. I will list the restitution amount as the restitution of the overall, but that is obviously a figure that has to be paid by all of the defendants involved in this case . . . ." The district court derived the figure of over $2 million from calculations and victims specifically identified in the pre-sentence report. Because we find that the district court did not err in the application of the sentencing guidelines and the calculation of loss, we reject Hightower's request for the restitution order to be vacated and recalculated.

AFFIRMED.