
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10678 |
| Plaintiff - Appellee, | DC No. 4:13 cr 1336 CKJ |
| v. | |
| DANIEL PALMA-BIBIANO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted December 9, 2014**
San Francisco, California

Before:     TASHIMA and PAEZ, Circuit Judges, and QUIST, Senior District
Judge.***

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

\*\*\*     The Honorable Gordon J. Quist, Senior United States District Judge
for the Western District of Michigan, sitting by designation.

Daniel Palma-Bibiano ("Palma") appeals his 37-month sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), as enhanced under § 1326(b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1.     Palma argues that the district court improperly concluded that his 2010 conviction was a "crime of violence" as that term is defined under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii). In 2010, Palma pleaded guilty to several crimes, two of which are relevant here: Arizona Revised Statutes §§ 13-1203, 13-1204. In *United States v. Cabrera-Perez*, we concluded that, if the "limited class of documents" that *Shepard v. United States*, 544 U.S. 13 (2005), permits the district court to consult in applying the modified categorical approach demonstrates that a defendant was convicted of Arizona Revised Statutes § 13-1203(A)(2) and/or § 13-1204(A)(2), the crime of conviction is a crime of violence under § 2L1.2(b)(1)(A)(ii). 751 F.3d 1000, 1005-06 (9th Cir. 2014).[1] Palma's record of conviction contains three *Shepard*-approved documents: the indictment, the plea agreement, and the minute entry recording Palma's judgment and

---

[1]     In *Cabrera-Perez*, we also concluded that §§ 13-1203 and 13-1204 are not categorically crimes of violence, but that they are divisible under *Descamps v. United States*, 133 S.Ct. 2276 (2013). 751 F.3d at 1005-06 & n.3. Palma does not dispute either conclusion here.

conviction. "When a court using the modified categorical approach to determine whether an underlying conviction is a predicate offense relies solely on the link between the charging papers and the abstract of judgment, that link must be clear and convincing." *Medina-Lara v. Holder*, 771 F.3d 1106, 1113 (9th Cir. 2014). In other words, the abstract of judgment must "clearly reference[] the count to which the defendant pleaded guilty." *Id.*

Here, Palma's record of conviction contains several "clear references" to the indictment. The plea agreement provides that Palma pleaded guilty to "Count 1: AGGRAVATED ASSAULT, A CLASS 3 FELONY." Moreover, the minute entry detailing Palma's judgment and sentence references "Count 1" on five separate occasions. These documents demonstrate that Palma pleaded guilty to a specific count of the indictment (Count 1). Accordingly, the district court was entitled to "consider the facts alleged in the [indictment]" to discern Palma's crime of conviction. *Coronado v. Holder*, 759 F.3d 977, 986 (9th Cir. 2014); *see also id.* ("Where the minute order or other equally reliable document specifies that a defendant pleaded guilty to a particular count of a criminal complaint, the court may consider the facts alleged in the complaint.").

Count 1 charges Palma with "using a shotgun, a deadly weapon or dangerous instrument, intentionally plac[ing] REDACTED in reasonable

3

apprehension of imminent physical injury." This language tracks the text of §§ 13-1203(A)(2) and 13-1204(A)(2) exactly. Thus, the district court properly determined that Palma was convicted of these subsections. *See Cabrera-Perez*, 751 F.3d at 1006 (concluding that the defendant had been convicted of §§ 13-1203(A)(2) and 13-1204(A)(2) where the defendant pleaded guilty to two counts in the complaint that tracked the statutes' text "word-for-word"). Moreover, because §§ 13-1203(A)(2) and 13-1204(A)(2) are "crime(s) of violence," *see Cabrera-Perez*, 751 F.3d at 1005, the district court properly applied the 16-level enhancement under § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines in calculating Palma's sentence.

2.      Palma further argues that the district court erred by failing adequately to explain its reasons for rejecting his request to impose a sentence below the lowest sentence suggested by the Guidelines (37 months). Because Palma failed to raise this argument in the district court, we review this claim for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). "[A] sentencing judge does not abuse his discretion when he listens to the defendant's arguments and then simply finds the circumstances insufficient to warrant a sentence lower than the Guidelines range." *Id.* (internal citations, quotation marks, and brackets omitted). The record here demonstrates that the sentencing judge

4

permitted Palma to present his argument for why the court should impose a sentence below the Guidelines before imposing the lowest sentence recommended by the Guidelines. Under this Court's precedent, nothing more was required.

**3.** Finally, Palma argues that the district court imposed his sentence based on erroneous facts. Because Palma did not object at the sentencing hearing to the facts he contends are erroneous, we review the district court's factual findings for plain error. *See United States v. Santiago*, 466 F.3d 801, 803 (9th Cir. 2006). To demonstrate plain error, Palma "bears the burden of showing that the district court relied on clearly erroneous facts, affecting his substantial rights, when either (1) calculating the Guidelines range or (2) determining his sentence." *United States v. Christensen*, 732 F.3d 1094, 1103 (9th Cir. 2013). To find clear error, we must be "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). Here, Palma has failed to demonstrate that the district court relied on clearly erroneous facts in determining his sentence. It is unclear whether the district court's statement that Palma was "turned back at the border . . . on two different occasions" was a description of the two instances in which Palma had been arrested for illegally entering the United States, or, as Palma argues, an incorrect determination that Palma was "turned back" on two *additional* occasions. In other words, we are not

5

left with a "definite and firm conviction" that the district court committed a mistake in determining Palma's sentence.

Even assuming that the district court erred in its factual findings, this error did not "affect[ Palma's] substantial rights." "To conclude that a defendant's substantial rights were affected, 'there must be a reasonable probability that the error affected the outcome of the sentencing.'" *United States v. Whitney*, 673 F.3d 965, 972 (9th Cir. 2012) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010) (brackets omitted)). No such reasonable probability exists here. The district court refused to grant Palma's request for a downward variance based on its conclusion that there was "nothing warranting" the departure, as well as its conclusion that Palma had attempted to reenter the country "quickly after his deportation," and, finally, his "assaultive behavior." It is unclear what role, if any, the district court's (allegedly) erroneous conclusion that Palma was "turned back at the border" on more than two occasions played in its refusal to grant a downward variance. "Where the effect of an error on the result in the district court is uncertain or indeterminate – where we would have to speculate – the appellant has not met his burden of showing a reasonable probability of a different result." *Christensen*, 732 F.3d at 1106 (internal citations and quotation marks omitted).

**AFFIRMED.**

6