**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>   v.<br><br>ANTHONY DONALD CASIAS, AKA Tony,<br><br>              Defendant - Appellant. | No. 14-50125<br><br>D.C. No. 3:12-cr-04966-JAH-1<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>   v.<br><br>LEOPOLD RONALD CASIAS, Jr.,<br><br>              Defendant - Appellant. | No. 14-50126<br><br>D.C. No. 3:12-cr-04966-JAH-2 |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 3, 2015<sup></sup>
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LEFKOW,[***] Senior District Judge.

Anthony ("Tony") and Leo Casias appeal their sentences, imposed following their guilty pleas to conspiracy to commit wire fraud. The district court sentenced Tony to thirty-six months' imprisonment and Leo to thirty-three months' imprisonment. On appeal, Tony challenges the substantive reasonableness of his sentence, and Leo makes multiple challenges to the procedural reasonableness of his sentence. We affirm.

We review Defendants' sentences for an abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Our review of a sentence is composed of two parts: we "first consider whether the district court committed significant procedural error, then . . . consider the substantive reasonableness of the sentence." *Id.* A district court commits procedural error when it "fail[s] to consider the [18 U.S.C.] § 3553(a) factors; . . . choose[s] a sentence based on clearly erroneous facts; or . . . fail[s] to adequately explain the sentence selected,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Joan Humphrey Lefkow, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

including any deviation from the Guidelines range." *Id.* "In determining substantive reasonableness, we are to consider the totality of the circumstances, including the degree of variance for a sentence imposed outside the Guidelines range." *Id.* "For a non-Guidelines sentence, we are to give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted). The district court's "findings of fact underlying the sentencing decision are reviewed for clear error." *United States v. Naghani*, 361 F.3d 1255, 1263 (9th Cir. 2004).

## I. Tony's Sentence Was Not Substantively Unreasonable

Tony asserts that his above-Guidelines sentence is unreasonable for three reasons: (1) the Guidelines already reflected the seriousness of his offense; (2) the district court placed undue weight on a single witness's testimony and ignored mitigating evidence; and (3) the district court erroneously relied on Tony's pattern of fraud to impose an above-Guidelines sentence. "The touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 629 F.3d 793, 827 (9th Cir. 2010) (internal quotation marks omitted) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009)). The district

court properly considered the totality of the circumstances and weighed all relevant factors in arriving at Tony's sentence.

The district court based its decision to vary upwards on the following facts: (1) Defendants preyed on individuals they deemed less important in order to support the "high rollers" in their business; (2) Defendants had previously been convicted of the same fraud; (3) Defendants' activities evinced a consistent and continuous pattern of fraud; and (4) the criminal conduct displayed special callousness, because Defendants chose some victims from their mother's rosary group. The district court took extensive testimony from a victim who was a member of the rosary group, explaining the impact of Defendants' fraudulent scheme.[1] The district court properly relied on these facts, independent of the loss amount, to support its upward variance based on the seriousness of the offense. Moreover, the district court considered all evidence offered in mitigation. The fact that Defendants had some satisfied customers is not necessarily mitigating, where

---

[1]Tony cites to *United States v. Paul*, 561 F.3d 970 (9th Cir. 2009), for the proposition that the district court could not place significant weight on the victim's testimony, because in doing so the court would rely "excessively upon defendant's abuse of trust while not giving sufficient consideration to other factors." *Id.* at 975. However, *Paul* was primarily a case about the application of the mandate rule, and it announced no categorical rule forbidding district courts from relying on abuse of trust as a sentencing factor. *See id.* at 972, 975. The record demonstrates that the district court considered all sentencing factors argued before it.

the district court found that their satisfaction rested on defrauding other, more vulnerable, customers.

The district court did not err by relying on Tony's consistent and continuous pattern of fraud to impose an above-Guidelines sentence, even when Tony's prior fraud convictions were included in the calculation of his criminal history score. Tony provides no authority that would forbid a district court from evaluating conduct already scored under the advisory Guidelines in his criminal history when crafting the ultimate sentence pursuant to the 18 U.S.C. § 3553(a) factors. Indeed, we have previously held that a district court may vary below the Guidelines range based on lack of criminal history, even where this fact was already considered in the calculation of the advisory Guidelines range. *See United States v. Autery*, 555 F.3d 864, 874 (9th Cir. 2009).

Tony also notes that, had the district court included several prior fraud convictions in his criminal history score, the resulting Guidelines range would still recommend a sentence lower than what he ultimately received. As above, Tony erroneously conflates the fact of his prior convictions with his consistent and continuous pattern of fraud. The district court was free to rely on the latter in imposing an above-Guidelines sentence, regardless of the calculation of the criminal history category. There is no indication in the record that the district court

applied the Guidelines mechanistically to arrive at Tony's sentence. On the contrary, the district court's explanation for the sentence reveals that it considered the totality of the circumstances and properly weighed the § 3553(a) factors, including the need for a sentence to impose sufficient punishment. Accordingly, the district court did not commit substantive error by considering the nature of Tony's previous crimes.

Accordingly, Tony's sentence was substantively reasonable.

## II. The District Court Did Not Plainly Err in Imposing Leo's Sentence

Leo challenges the procedural reasonableness of his sentence on three grounds: (1) the district court violated Fed. R. Crim. P. 32(i)(3)(B) by failing to rule on Leo's factual objections to the presentence investigation report ("PSR"); (2) the district court's finding that Leo attempted to "pay off" a victim to stop cooperating with authorities was not supported by a preponderance of the evidence; and (3) the district court ignored Leo's non-frivolous argument for a lower sentence given his age and deteriorating health.

## A. The District Court Did Not Plainly Err by Failing to Rule on Leo's Objections to the PSR

At the joint sentencing hearing, the district court ruled on Tony's identical objections to the PSR, but did not explicitly rule on Leo's. We review this claim

for plain error, because Leo made only a general objection that did not alert the district court to its error. *See United States v. Santiago*, 466 F.3d 801, 803 (9th Cir. 2006) ("When a party does not lodge a specific objection in the district court, yet asserts error on appeal, we review under our familiar plain error standard."). "Plain error is (1) error, (2) that is plain, . . . (3) that affects substantial rights[, and] that (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (internal quotation marks omitted).

Under Fed. R. Crim. P. 32(i)(3)(B), the district court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary." We have "mandated strict compliance with Rule 32, explaining that the rulings must be express or explicit." *United States v. Doe*, 705 F.3d 1134, 1153 (9th Cir. 2013) (internal quotation marks omitted). The district court erred by failing to explicitly rule on Leo's objections to the PSR. However, the error was not "plain error," because Leo's substantive rights were not violated, and the error does not implicate the fairness, integrity, or public reputation of judicial proceedings. The district court had previously considered the substance of Leo's objection and expressly implemented a ruling on it at sentencing. The district court also expressly ruled on Tony's

identical issues. There is no doubt that, were the matter to be returned to the district court, the outcome would be the same. *Cf. id.* at 1155-56 (remanding under plain error review where it was not clear how district court would have ruled on objections that could have affected defendant's sentence).

**B. The District Court's Factual Findings Were Supported by a Preponderance of the Evidence**

Leo contends that the district court erred when it found that he offered to "pay off" a victim not to cooperate with authorities and used that fact when imposing Leo's sentence. A district court commits procedural error when it chooses a sentence based on clearly erroneous facts. *Carty*, 520 F.3d at 993. "A district court generally applies the preponderance of the evidence standard of proof when finding facts at sentencing." *United States v. Mejia-Luna*, 562 F.3d 1215, 1221 (9th Cir. 2009). The district court's finding was based on a victim's testimony. It was not clearly erroneous for the district court to conclude from that testimony that Leo was part of the scheme to pay the victim for her silence.

**C. The District Court Considered Leo's Non-Frivolous Arguments**

At the sentencing hearing, Leo argued for a lower sentence based on his age and health. "Once the district court selects its sentence, it must give an explanation that communicates that the parties' arguments have been heard, and that a reasoned

decision has been made." *United States v. Petri*, 731 F.3d 833, 842 (9th Cir. 2013) (internal quotation marks omitted). "[W]hile a district judge need not enumerate every factor supporting a particular sentence, [a] statement of reasons is important. The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Trujillo*, 713 F.3d 1003, 1010 (9th Cir. 2013) (internal quotation marks omitted). We are satisfied that the district court set forth sufficient reasons for us to conclude that it considered Leo's argument that he was less likely to recidivate and rejected it based on the callousness of the offense and the consistent and continuous pattern of fraud that Defendants had engaged in for three decades.

**AFFIRMED**.