**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30189 |
| Plaintiff-Appellee, | D.C. No. 4:20-cr-00127-DCN-1 |
| v. | |
| MANUEL CURIEL, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted May 23, 2024[**]
Anchorage, Alaska

Before: BYBEE, FRIEDLAND, and MILLER, Circuit Judges.

Manuel Curiel, Jr., appeals from his conviction, following a jury trial, for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"We review the district court's denial of a motion to reconsider for abuse of discretion." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). Where there was a contemporaneous objection, decisions to admit evidence are also reviewed for abuse of discretion, *see United States v. Carpenter*, 923 F.3d 1172, 1180–81 (9th Cir. 2019), but where there was no contemporaneous objection, evidentiary rulings are reviewed for plain error, *see United States v. Santiago*, 466 F.3d 801, 803 (9th Cir. 2006).

1. The district court did not abuse its discretion in denying reconsideration of its order denying Curiel's motion to suppress. Curiel suggests that the court failed to appreciate the scope of its discretion, but the court correctly recognized that it has "inherent authority to modify, alter, or revoke non-final orders." Although the court also stated that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources," *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted), that is a correct statement of law and does not indicate that the court erroneously believed that it lacked discretion to grant reconsideration if appropriate.

Curiel argues that the district court's initial denial of his motion to suppress was "manifestly unjust" because it resulted from his counsel's alleged ineffective assistance. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (explaining that reconsideration is appropriate when an initial decision "was

2

manifestly unjust"). But ordinarily, the determination of ineffective assistance is "left for collateral habeas proceedings due to the lack of a sufficient evidentiary record as to 'what counsel did, why it was done, and what, if any, prejudice resulted.'" *United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) (quoting *United States v. Quintero-Barraza*, 78 F.3d 1344, 1347 (9th Cir. 1995)). Given the limited evidentiary record before the district court, the court did not abuse its discretion in denying reconsideration.

2. The district court did not abuse its discretion in admitting Detective Potter's testimony about evidence seized in a prior search of Curiel's trailer. Curiel conceded that the evidence was relevant, and the district court mitigated any potential risk of prejudice by limiting the scope of the testimony and providing a limiting instruction. *Cf. United States v. Ramos-Atondo*, 732 F.3d 1113, 1124 (9th Cir. 2013) ("[A]ny such practical prejudice was minimized by the district court's careful limiting instruction to the jury.").

Insofar as Curiel challenges the admissibility of the evidence under Federal Rule of Evidence 404(b), he did not preserve that challenge in the district court. In any event, testimony about what was seized in the first search was within the scope of Rule 404(b)(2), so its admission was not plain error. Under Rule 404(b)(2), evidence of prior bad acts is admissible when it "(1) proves a material element of the offense for which the defendant is . . . charged, (2) . . . is similar to the offense

3

charged, (3) is based on sufficient evidence, and (4) is not too remote in time."

*United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004). The government has the burden of proving that all four requirements are met. *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993). Here, the government met that burden. Detective Potter's testimony was relevant to Curiel's knowledge, an element of the charged offense; it involved conduct similar to the charged conduct; there was a sufficient basis for it because it was testimony from an officer with personal knowledge of the search; and the prior acts were not too remote in time. *See United States v. Flores-Blanco*, 623 F.3d 912, 919–20 (9th Cir. 2010).

**AFFIRMED.**