NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2117 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-00388-JSC-1 |
| v. | |
| MARCOS CARCAMO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, District Judge, Presiding

Argued and Submitted April 10, 2025
San Francisco, California

Before: S.R. THOMAS, PAEZ, and MILLER, Circuit Judges.

Defendant-Appellant Marcos Carcamo appeals the district court's judgment

and sentence following his plea of guilty for Possession with Intent to Distribute

Methamphetamine and Possession with Intent to Distribute Cocaine Base, in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court imposed a

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

below-guidelines prison sentence of 48 months. Defendant argues that the district court violated his due process rights by referencing his Honduran national origin at his sentencing hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     We ordinarily review de novo whether a sentence violates a defendant's constitutional rights. But "[w]hen a party does not lodge a specific objection in the district court, yet asserts error on appeal, we review under [the] plain error standard." *United States v. Santiago*, 466 F.3d 801, 803 (9th Cir. 2006). Defendant did not contemporaneously object to the offending remark during sentencing and alleges constitutional error for the first time on appeal. Thus, plain error applies to our review of the district court's sentence. *See id.*

2.     On plain error review, "[b]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Santiago*, 466 F.3d at 803 (quoting *United States v. Maciel-Vasquez*, 458 F.3d 994, 996 n.3 (9th Cir. 2006)).

Under *United States v. Borrero-Isaza*, 887 F.2d 1349 (9th Cir. 1989), the district court violates a defendant's constitutional due process rights if it considers

"improper, inaccurate, or mistaken information" or "make[s] unfounded assumptions or groundless inferences in imposing [a] sentence." *Id.* at 1352. The district court may not base, even in part, a sentence on a defendant's national origin nor give the "appearance" of having considered national origin in the sentence. *Id.* at 1355-56; *see also* USSG § 5H1.10 (stating that race, sex, national origin, creed, religion, and socio-economic status are "not relevant in the determination of a sentence").

At sentencing, the district court implicitly referenced Defendant's Honduran national origin when it noted that, in fashioning a sentence, deterrence of drug "dealers coming from Honduras and dealing fentanyl" should be considered. The court's indirect reference to Defendant's national origin was improper under *Borrero-Isaza*. *See* 887 F.2d at 1355-56. However, when read in the broader context of the court's colloquy with defense counsel, we find that the court's expression of a general concern for conditions in the area where the offenses occurred does not rise to the level of plain error. *See id.* at 1353 (noting that the court's review "begins and ends with a review of the record"). Because Defendant fails to satisfy this critical threshold of plain error review, we affirm the district court's judgment and sentence.

**AFFIRMED.**