**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30146 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-05514-RBL-1 |
| v. | |
| RYAN ANDREW HAMBURG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted June 22, 2016[**]

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

Ryan Hamburg appeals from the 35-year sentence imposed following his

guilty plea convictions for production of child pornography, in violation of 18

U.S.C. § 2251(a),(e), receipt and distribution of child pornography, in violation of

18 U.S.C. §§ 2252(a)(2), (b)(1), and possession of child pornography, in violation

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

of 18 U.S.C. § 2252(a)(4)(B), (b)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hamburg contends that the district court failed to provide an adequate explanation for the sentence, including failing to adequately discuss the 18 U.S.C. § 3553(a) factors and failing to address arguments he made for a lower sentence. Because Hamburg did not object on these grounds at sentencing, plain error review applies. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).  Hamburg therefore must show not only that there was error that was plain, but also that such error affected his substantial rights because there is a reasonable probability that he would have received a different sentence absent the error.  *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).

It is apparent from the record that the court adequately explained the reasons for the sentence, including adequately addressing the 18 U.S.C. § 3553(a) factors and the arguments raised by Hamburg.  *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc); *see also United States v. Maciel-Vasquez*, 458 F.3d 994, 995 (9th Cir. 2006) (recognizing that a sentencing court is not required to state why it chose a particular sentence rather than other potential sentences).  The district court did not plainly err.  *See Dallman*, 533 F.3d at 761-62.

In addition, the district court did not abuse its discretion in imposing the 35-year sentence. The sentence is not substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, including not only the mandatory minimum sentence and the Sentencing Guidelines, but the seriousness of the offense, the need to protect the public, the need for deterrence, and Hamburg's history and characteristics. *See Gall v. United States,* 552 U.S. 38, 51 (2007).

**AFFIRMED**.